# EXHIBIT 1

Attorney Docket No.: 30160-0002002

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant    : David Strober                     Art Unit   : 2172
Serial No.   : 13/245,001                        Examiner   : John M. Heffington
Filed        : September 26, 2011                Conf. No.  : 4575
Title        : PLAY CONTROL OF CONTENT ON A DISPLAY DEVICE

**Mail Stop Amendment**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT IN REPLY TO ACTION OF DECEMBER 8, 2011

Please amend the above-identified application as follows:

Applicant : David Strober  
Serial No. : 13/245,001  
Filed : September 26, 2011  
Page : 2 of 19  

Attorney's Docket No.: 30160-0002002

## Amendments to the Claims:

This listing of claims replaces all prior versions and listings of claims in the application:

### Listing of Claims:

1. (Currently amended) A machine-implemented method of controlling presentation of video content on a display device <u>by a media player</u>, the method comprising:

    receiving, in a server system, one or more signals from a <u>remote</u> personal computing device, the one or more signals specifying a video file to be acted upon and identifying a media player for playing the video content, the one or more signals further including a <u>universal playback control</u> command for controlling <s>the presentation</s> <u>playing</u> of the video content on the display device <u>by the media player</u>,

    converting, by the server system, the <u>universal playback control command into</u> corresponding programming code <s>used by the display device</s> to control <u>playing of the video content on the display device by</u> the media player<u>, wherein converting the universal playback control command includes selecting from among a plurality of specific commands, each of which represents a corresponding playback control command for a respective media player</u>; and

    storing, in a database associated with the server system, a message for transmission to or retrieval by the display device, wherein the message specifies the video file to be acted upon, identifies the media player for playing the video content, and includes the corresponding programming code <s>used by the display device</s> to control <u>playing of the video content on the display device by</u> the media player in accordance with the <u>universal playback control</u> command.

2. (Currently amended) The method of claim 1 including:

    checking, in the server system, the identity of the media player identified in the one or more signals from the personal computing device;

    loading an appropriate set of protocols or application programming interfaces from a library based on the identity of the media player; and

Applicant : David Strober
Serial No. : 13/245,001
Filed : September 26, 2011
Page : 3 of 19

Attorney's Docket No.: 30160-0002002

converting the command from the personal computing device into a corresponding JavaScript code ~~used by the display device~~ to control the media player.

3. (Currently amended) The method of claim 1 wherein converting the command into corresponding programming code ~~used by the display device~~ to control the media player includes using information in a look-up table.

4. (Currently amended) The method of claim 3 ~~wherein the command contained in the one or more signals from the personal computing device is in the form of a universal command, and~~ wherein the look-up table stores a plurality of specific commands, each of which represents, respectively, a corresponding command for a ~~particular~~ <u>different</u> media player.

5. (Canceled)

6. (Original) The method of claim 1 wherein the universal command represents an instruction to play the video content, to stop playing the video content or to pause playing the video content.

7. (Original) The method of claim 1 wherein the video content is an interactive video game.

8. (Original) The method of claim 1 wherein the video content is streaming media.

9. (Original) The method of claim 1 including:
receiving, in the server system, a code from the personal computing device, wherein the code is uniquely associated with the display device on which the video content is to be played; and

Applicant : David Strober
Serial No. : 13/245,001
Filed : September 26, 2011
Page : 4 of 19

Attorney's Docket No.: 30160-0002002

storing in the server system a record establishing a connection between the personal computing device and the display device based on the code.

10. (Original) The method of claim 9 wherein the code is different from an IP address associated with the display device and is different from a MAC address associated with the display device.

11. (Original) The method of claim 9 including assigning a randomly generated code to the display device each time the display device connects to the server system.

12. (Currently amended) A system for controlling playing of video content on a display device <u>by a media player</u>, the system comprising:
 a server system;
 a first database storing a relationship between a personal computing device and the display device; and
 a second database;
 wherein the server system is operable to receive one or more signals from a <u>remote</u> personal computing device, the one or more signals specifying a video file to be acted upon and identifying a media player for playing the video content, the one or more signals further including a <u>universal playback control</u> command for controlling <s>the presentation</s> <u>playing</u> of the video content on the display device,
 <u>one or more computer-readable media storing instructions that when executed by the server system, cause</u> the server system <s>being operable</s> to <u>perform operations including</u> convert<u>ing</u> the <u>universal playback control</u> command into corresponding programming code <s>used by the display device</s> to control <u>playing of the video content by</u> the media player<u>, wherein converting the universal playback control command includes selecting from among a plurality of specific commands, each of which represents a corresponding playback control command for a respective media player</u>;

Applicant   : David Strober  
Serial No.  : 13/245,001  
Filed       : September 26, 2011  
Page        : 5 of 19

Attorney's Docket No.: 30160-0002002

the server system being further operable to store in the second database a message for transmission to or retrieval by the display device, wherein the message specifies the video file to be acted upon, identifies the media player for playing the video content, and includes the corresponding programming code ~~used by the display device~~ to control <u>playing of the video content on the display device by the media player in accordance with the universal playback control</u> command.

13. (Currently amended) The system of claim 12 including:

a library storing protocols or application programming interfaces,

wherein the server system is operable to check the identity of the media player identified in the one or more signals from the personal computing device, load an appropriate set of protocols or application programming interfaces from the library based on the identity of the media player, and convert the command from the personal computing device into a corresponding programming code ~~used by the display device~~ to control the media player.

14. (Currently amended) The system of claim 12 including:

a look-up table storing a plurality of commands each of which is for a particular type of media player,

wherein the server system is operable to convert the command into corresponding programming code ~~used by the display device~~ to control the media player based on information in the look-up table.

15. (Currently amended) The system of claim 12 ~~wherein the command contained in the one or more signals from the personal computing device is a universal command, and~~ wherein the look-up table stores a correspondence between the universal command and a plurality of specific commands, each of which is for a ~~particular~~ <u>different</u> media player.

Applicant : David Strober  
Serial No. : 13/245,001  
Filed. : September 26, 2011  
Page : 6 of 19

Attorney's Docket No.: 30160-0002002

16. (Original) The system of claim 15 the server system is operable to convert the universal command by selecting from among the plurality of specific commands stored in the look-up table.

17. (Original) The system of claim 12 wherein the universal command represents an instruction to play the video content, to stop playing the video content or to pause playing the video content.

18. (Original) The system of claim 12 wherein the video content is an interactive video game.

19. (Original) The system of claim 12 wherein the video content is streaming media.

20. (Original) The system of claim 12 wherein the server system is operable to receive a code from the personal computing device, wherein the code is uniquely associated with the display device on which the video content is to be played, the server system further being operable to store the record establishing a connection between the personal computing device and the display device based on the code.

21. (Original) The system of claim 20 wherein the code is different from an IP address associated with the display device and is different from a MAC address associated with the display device.

22. (Original) The system of claim 20 wherein the server system is operable to assign a randomly generated code to the display device each time the display device connects to the server system.

Applicant : David Strober
Serial No. : 13/245,001
Filed : September 26, 2011
Page : 7 of 19

Attorney's Docket No.: 30160-0002002

23. (Currently amended) An automated machine-implemented method of presenting video content on a display device <u>by a media player</u>, the method comprising:

retrieving, by the display device <u>from a server system</u>, first information that specifies a first video file to be acted upon, that identifies a first media player for playing the first video file, and that indicates corresponding programming code ~~used by the display device~~ to control <u>playing of the first video file on the display device by</u> the first media player in accordance with a first <u>playback control</u> command;

obtaining, by the display device, over the Internet the first media player for playing the first video file;

loading the first media player in the display device;

executing the first <u>playback control</u> command with respect to the first video file using the first media player;

subsequently retrieving, by the display device <u>from the server system</u>, second information that specifies a second video file to be acted upon, that identifies a second media player <u>different from the first media player</u> for playing the second video file, and that indicates corresponding programming code ~~used by the display device~~ to control <u>playing of the second video file on the display device by</u> the second media player in accordance with a second <u>playback control</u> command;

obtaining, by the display device, over the Internet the second media player for playing the second video file;

loading the second media player in the display device; and

executing the second <u>playback control</u> command with respect to the second video file using the second media player.

24. (Original) The method of claim 23 wherein the display device comprises a television set with a display screen.

Applicant : David Strober
Serial No. : 13/245,001
Filed : September 26, 2011
Page : 8 of 19

Attorney's Docket No.: 30160-0002002

25. (Original) The method of claim 23 wherein the display device comprises a laptop or personal computer.

26. (Original) The method of claim 23 wherein each of the first and second commands represents an instruction to play the respective video file, to stop playing the respective video file or to pause playing the respective video file.

27. (Original) The method of claim 23 wherein the display device checks whether the respective media player needed to play the particular video file already is loaded in the display device before obtaining a copy of the media player over the Internet.

Applicant  : David Strober                                    Attorney's Docket No.: 30160-0002002
Serial No. : 13/245,001
Filed      : September 26, 2011
Page       : 9 of 19

## REMARKS

Claims 1-27 are presented for further examination.

### Request that the Office consider all reference submitted in the IDS of 9/26/11

Applicant submitted an Information Disclosure Statement (IDS) together with the application on September 26, 2011. The Office action "lined through" items 12-15 and 17-28 on the form 1449 that accompanied the IDS, indicating that the Examiner might not have considered these items. The Office, however, failed to provide any explanation for not considering all the listed items.

As indicated in the IDS, copies of the foregoing items, as well as English-language abstracts for items 12-15, were provided in the parent application (serial no. 13/157,821) in an IDS submitted on June 10, 2011. Therefore, the Office should have considered each and every item listed on the form 1449 in the IDS for the present application. *See* 37 C.F.R. §§1.97-1.98. Applicant requests that the Office acknowledge its consideration of all references in the next communication.

### Rejections under 35 U.S.C. §§102-103

The Office rejected the claims over the following references:

(1) Claims 1-10, 12-21 and 23-26 were rejected as anticipated by U.S. Patent Publication No. 2011/0060998 (Schwartz).[1]

(2) Claims 11 and 22 were rejected as obvious from Schwartz in view of the information from the web site www.vbulletin.com.

(3) Claim 27 was rejected as obvious from Schwartz.

---

[1] Although page 2, par. 3 of the Office action seems to indicate that claim 11 also is rejected as anticipated by Schwartz, the remainder of the action indicates that claim 11 is rejected only under section 103 as obvious.

Applicant : David Strober  
Serial No. : 13/245,001  
Filed : September 26, 2011  
Page : 10 of 19  

Attorney's Docket No.: 30160-0002002

Reconsideration is requested.

<u>Claims 1-12</u>

Independent claim 1 recites a machine-implemented method of controlling presentation of video content on a display device. The method includes receiving, in a server system, one or more signals from a remote personal computing device. The one or more signals (i) specify a video file to be acted upon, (ii) identify a media player[2] for playing the video content, and (iii) include a universal playback command for controlling playing of the video content on the display device by the media player. The claim is amended to clarify that the command is a playback control command. Support for this feature can be found, for example, in the Specification at page 6, lines 13-17, page 8, lines 18-21, page 9, lines 17-18 and 28-31. In some implementations, as explained in the Specification (page 9, line 28 – page 10, line 1):

> [T]he user of the mobile phone 20 can control the playing of the video by entering appropriate commands (e.g., pause, fast forward, rewind, stop, play, etc.) through the mobile phone. Each command is incorporated into a message including a transmission code (FIG. 3) as described above. The message is transmitted to the server system 24, . . .

The method further includes converting, by the server system, the universal playback control command into corresponding programming code to control playing of the video content on the display device by the media player. As recited in claim 1, converting the universal playback control command includes selecting from among a plurality of specific commands, each of which represents a corresponding playback control command for a respective media player. As

---

[2] In the context of the present application, it is clear that a "media player" refers to application software for playing back the video content. Thus, the claims and specification refer in some cases, for example, to "loading" or "unloading" a media player (*see, e.g.*, Specification at page 4, line 22, page 9, lines 18-27). A particular display device, therefore, may, in some cases, be able to load or store any one of different media players.

explained in the Specification (page 8, line 18 – page 9, line 6) according to example implementations:

> Various types of video players may use different JavaScript commands to control their respective playback. Therefore, in the illustrated implementation, a universal adapter 26 is provided to interpret and convert a standard or universal command (e.g., play, pause, etc.) into the specific command recognized by the media player. Each time a signal is received from the mobile device 20, the API adapter 26 checks and identifies the specific media player that is being requested. Based on this information, the system loads the appropriate set of protocols or application programming interfaces (APIs) from its library and converts the incoming commands from the mobile device 20 into the correct JavaScript (or other programming) code used by the target device 22 to control the specific player (block 120). The server system 24 then copies the converted version of the message to the database 34 associated with the target device 22, as indicated above in connection with block 122.
>
> [ ] Thus, for a universal command "New Video," the universal adapter 26 provides the corresponding command for each of several specific media players (e.g., "yt_loadVideo" for YouTube). Similarly, for a universal command "Pause," the universal adapter 26 provides the corresponding command for each of several specific media players (e.g., "pauseVideo" for Ted.com). Other universal commands and the corresponding command(s) for one of more media players also can be stored by the universal adapter 26.

The method of claim 1 also includes storing, in a database associated with the server system, a message for transmission to or retrieval by the display device. The message specifies the video file to be acted upon, identifies the media player for playing the video content, and includes the corresponding programming code to control playing of the video content on the display device by the media player in accordance with the playback control command.

The method may be used to facilitate, for example, a user's creating a playlist based on videos from multiple sources and playing back any of the videos, where the server system acts as a single interface that can be used to control the different media players (*i.e.*, the computer software applications) that may be needed to play the various video files.

| | |
|---|---|
| Applicant : David Strober | Attorney's Docket No.: 30160-0002002 |
| Serial No. : 13/245,001 | |
| Filed : September 26, 2011 | |
| Page : 12 of 19 | |

Schwartz discloses a system and method for managing Internet media content. As illustrated in FIG. 2 (reproduced below), the system can include a computing device (e.g., a mobile phone) that executes an application 10 (i.e., a software program) (see par. [0138]) to facilitate accessing various media content, including video content. The application is connected through a home network 20 to one or more media destinations 21, 22, 23 (e.g., a television), which can serve as target rendering devices to which the media content can be sent.



As illustrated in FIG. 3 of Schwartz (reproduced above), the application 10 residing on the computing device (e.g., the mobile phone) includes various components, such as a transcoding engine 90, a media server component 100 and a device discovery and control (DDC) component 110. The transcoding engine 90 can be used to reformat media content to prepare it for delivery to the specified target media destination (pars. [0114], [0124]). Thus, for example, in response to user input directing transfer of media content to a particular target rendering device, the DDC component 110 communicates with the transcoding engine and/or the media server component 100 to obtain the media content in a form that matches the media capabilities of the target rendering device ([par.0122]). Likewise, in response to user input directing a target rendering device to render media content, the DDC component 110 communicates with the target rendering device to instruct it to request, retrieve, process and/or render the media content (par. [0118]). In addition, Schwartz discloses that the media server component 100 of the application

Applicant   : David Strober                          Attorney's Docket No.: 30160-0002002
Serial No.  : 13/245,001
Filed       : September 26, 2011
Page        : 13 of 19

10 can receive messages from the target rendering device, which may request the transcoded or reformatted media content (par. [0137]).

The Office alleges that such messages sent by the target rendering device to the media server component 100 of the Schwartz's software application 10 correspond to the "one or more signals" in claim 1. As explained below, that is incorrect.

First, applicant points out that claim 1 recites that the one or more signals are received *in a server system from a remote personal computing device*, and that the message stored in the database associated with the server system is for transmission to or retrieval *by a display device*. Thus, the server system acts an interface for facilitating the transfer of information contained in the one or more signals (received from the personal computing device) to the display device. The claimed method is significantly different from the method of operation disclosed by Schwartz in which the application 10 residing on the computing device communicates directly through the home network 20 with the target rendering device (e.g., media destination 21). In view of the fact that in Schwartz's system the application 10 residing on the computing device communicates directly through the home network 20 with the target rendering device, there is no need to perform the particular operations recited in the method of claim 1 and indeed, as explained below, Schwartz does not disclose the claimed method.

The Office alleges that the media component 100 of the application 10 corresponds to the claimed "server system" and the target rendering device corresponds to the claimed "personal computing device." However, the messages sent by the target rendering device (*e.g.*, media destination 21) to the media server component 100 of the software application 10 do not correspond to the "one or more signals" in claim 1. In particular, Schwartz explains that the media server component 100 can receive request messages from the target rendering device (par. [0137]) (emphasis added):

> *The media server component 100 may receive request messages from the target rendering device which may request the transcoded, reformatted and/or repurposed internet media content. The request messages from the*

Applicant  : David Strober                              Attorney's Docket No.: 30160-0002002
Serial No. : 13/245,001
Filed      : September 26, 2011
Page       : 14 of 19

> *target rendering device may request specific portions of the transcoded, reformatted and/or repurposed internet media content.* The media server component 100 may receive instructions from the transcoding engine 90 and/or from other components of the application 10. The instructions may direct the media server component 100 to transmit the transcoded, reformatted and/or repurposed internet media content. The instructions may direct the media server component 100 to transmit the specific portions of the transcoded, reformatted and/or repurposed internet media content. In response to the request messages and/or the instructions, the media server component 100 may transmit the transcoded, reformatted and/or repurposed internet media content and/or the specific portions to the target rendering device.

There is nothing in Schwartz to indicate that the messages sent *from* the target rendering device *to* the media server component 100 include a "<u>playback control command</u>" for controlling playing of the video content on the display device.

Furthermore, although Schwartz elsewhere discloses user-initiated playback controls such as "play," "pause," etc., any such playback controls are sent <u>from</u> the DDC component 110 of the application 10 residing on the computing device <u>to</u> the target rendering device (par. [0119]; *see also* par. [0214] and FIG. 6). Such playback controls are *not* sent <u>from</u> the target rendering device (which allegedly corresponds to the claimed "personal computing device") <u>to</u> the media server component 100 or any component of the application 10 (which allegedly corresponds to the claimed "server system").[3] Therefore, the media component 100 of the application 10 also does not "convert" any playback control commands that were received "from" the target rendering device. Furthermore, there is nothing in Schwartz that discloses or suggests that converting a universal playback control command includes "selecting from among a plurality of specific commands, each of which represents a corresponding playback control command for a respective media player," as recited in claim 1.

---

[3] Receipt *by the application 10* of playback controls also does not satisfy the claim language of "receiving, in a server system, one or more signals from a remote personal computing device. . ." For one thing, the application 10 and the computing device executing the application are not a "server system." Furthermore, the user-initiated playback controls are not received in the application 10 "from a *remote* personal computing device." Instead, the application 10 is being executed by the computing device on which is resides.

Applicant : David Strober  
Serial No. : 13/245,001  
Filed : September 26, 2011  
Page : 15 of 19  

Attorney's Docket No.: 30160-0002002

Applicant acknowledges that, as discussed above, the application 10 includes a transcoding engine 90 that "may reformat and/or repurpose *the media content*" for compatibility with the media destination(s) (par. [0114]). As explained by Schwartz:

> The transcoding engine 90 may process the internet *media content* and/or the locally stored *media content* to prepare the media content for delivery to the specified media destination. The transcoding engine 90 may transcode the internet *media content* and/or the locally stored *media content* based on the media capabilities of the specified media destination. For example, the transcoding engine 90 may transcode the *media content* to produce transcoded media content which may conform to media codecs, profiles and/or levels which may be supported by the specified media destination. The transcoding engine 90 may reformat the *media content*. For example, the transcoding engine 90 may reformat the *media content* to produce reformatted media content which may have a file format and/or a delivery format appropriate for the specified media destination.

Here too, however, there is nothing to indicate that the transcoding engine "converts" <u>playback control commands</u>. Instead, any reformatting or repurposing it might perform is with respect to the <u>media content</u> itself, not with respect to a playback control command.

In view of the foregoing remarks, it is clear that Schwartz fails to disclose (1) receiving, in a server system, one or more signals from a remote personal computing device, . . . the one or more signals further including a universal playback control command for controlling playing of the video content on the display device by the media player, and (2) converting, by the server system, the playback control command into corresponding programming code to control playing of the video content on the display device by the media player, wherein converting the universal playback control command includes selecting from among a plurality of specific commands, each of which represents a corresponding playback control command for a respective media player.

Applicant : David Strober  
Serial No. : 13/245,001  
Filed : September 26, 2011  
Page : 16 of 19  

Attorney's Docket No.: 30160-0002002

The information from the web site www.vbulletin.com also fails to disclose or render obvious the claim limitations missing from Schwartz. Therefore, neither Schwartz nor the information from the web site www.vbulletin.com, taken alone or in combination, discloses or renders obvious the subject matter of claim 1 or its dependent claims.

At least for these reasons, the rejections of claim 1 and its dependent claims should be withdrawn.

Furthermore, the dependent claims recite additional language that renders those claims independently patentable.

### Claims 12-22

Independent claim 12 recites a system for controlling playing of video content on a display device. The system includes a server system operable to receive one or more signals from a remote personal computing device. The one or more signals specify a video file to be acted upon, identify a media player for playing the video content, and include a universal playback control command for controlling the playing of the video content on the display device by the media player. The server system also is operable to convert the universal playback control command into corresponding programming code to control playing of the video content on the display device by the media player.

The rejections of claim 12 as well as its dependent claims under sections 102-103 should be withdrawn at least for the same reasons as discussed above with respect to claim 1.

### Claims 23-27

Independent claim 23 recites an automated machine-implemented method of presenting video content on a display device. The method includes the display device retrieving[4] from a server system first information (i) that specifies a first video file to be acted upon, (ii) that

---

[4] For example, in some implementations, the display device can retrieve the information by periodically checking entries in a database or polling the database to determine where there are any new messages directed to it (page 9, lines 7-10).

Applicant : David Strober                          Attorney's Docket No.: 30160-0002002
Serial No. : 13/245,001
Filed    : September 26, 2011
Page     : 17 of 19

identifies a first media player for playing the first video file, and (iii) that indicates corresponding programming code to control playing of the first video file on the display device by the first media player in accordance with a first playback control command. The display device obtains over the Internet the first media player for playing the first video file, loads the first media player in the display device, and executes the first playback control command with respect to the first video file using the first media player. The display device also performs the foregoing operations with respect to a second video file, a second media player, and a second playback control command.

In contrast, none of the components in Schwartz's system performs the recited operations. For example, the application 10 executing on the computing device can "retrieve" specified media content from an appropriate media content site (pars. [0102], [0122]). Likewise, the DDC component 110 of the application 10 may instruct the target rendering device to "retrieve" media content and may specify an appropriate location from which the media content is to be retrieved by the target rendering device (par. [0118]).

However, neither the application 10 nor the target rendering device "retrieves," from a server system, information (i) that specifies a first video file to be acted upon, (ii) that identifies a first media player for playing the first video file <u>and</u> (iii) that indicates corresponding programming code used to control playing of a video file by the first media player in accordance with a first playback control command. Although the DDC component 110 of the application 10 transmits playback control instructions to the target rendering device (par. [0119]), neither the DDC component 110 not any other component in the application 10 "retrieves" such instructions form a server system, as recited in claim 23. Likewise, although the target rendering device can receive the playback control instructions from the DDC component 110, the target rendering device does not "retrieve" such information, as recited in claim 23.

Therefore, neither Schwartz nor the information from the web site www.vbulletin.com, taken alone or in combination, discloses or renders obvious the subject matter of claim 23 or its dependent claims.

Applicant   : David Strober                                Attorney's Docket No.: 30160-0002002
Serial No.  : 13/245,001
Filed       : September 26, 2011
Page        : 18 of 19

At least for these reasons, the rejections of claim 23 and its dependent claims should be withdrawn.

Furthermore, the dependent claims recite additional language that renders those claims independently patentable.

### Rejections under 35 U.S.C. §101

The Office rejected claims 12-21 as directed to non-statutory subject matter because the claimed system "does not exclude a system composed entirely of software."

Applicant respectfully disagrees.

First, claim 12 is directed to a "system" that includes a server system "operable to receive one or more signals . . ." Therefore, the claimed system is not an "abstract idea" that is ineligible for patent protection under the Supreme Court's 2010 decision in *Bilski*. Furthermore, in view of the fact that the claimed system is "operable to receive one or more signals . . .," it is clear that the claimed system does not encompass a system "entirely composed of software" as alleged by the Office.

Also, claim 12 is amended to recite "one or more computer-readable media storing instructions that when executed by the server system, cause the server system to perform operations . . ." Support for this amendment can be found, for example, in the Specification at page 14, lines 7-24). As explained by the MPEP (§2106.01.I):

> [A] claimed computer-readable medium encoded with a computer program is a computer element which defines structural and functional interrelationships between the computer program and the rest of the computer which permit the computer program's functionality to be realized, and is thus statutory.

* * *

Only when the claimed invention taken as a whole is directed to a mere program listing, i.e., to only its description or expression, is it descriptive material *per se* and hence nonstatutory.

Therefore, the system of claim 12, which includes one or more computer-readable media, clearly satisfies the requirements of section 101. Accordingly, the rejections of claim 12 and its dependent claims under section 101 should be withdrawn.

### Conclusion

It is believed that all of the pending claims have been addressed. However, the absence of a reply to a specific rejection, issue or comment does not signify agreement with or concession of that rejection, issue or comment. In addition, because the arguments made above may not be exhaustive, there may be reasons for patentability of any or all pending claims (or other claims) that have not been expressed. Finally, nothing in this paper should be construed as an intent to concede any issue with regard to any claim, except as specifically stated in this paper, and the amendment of any claim does not necessarily signify concession of unpatentability of the claim prior to its amendment.

Please apply any necessary charges or credits to Deposit Account 06-1050, referencing the above attorney docket number.

Respectfully submitted,

Date: February 22, 2012

/Samuel Borodach/  
Samuel Borodach  
Reg. No. 38,388

Customer Number 26211  
Fish & Richardson P.C.  
Telephone: (212) 765-5070  
Facsimile: (877) 769-7945

30655917.doc