# EXHIBIT 3



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 26211 | 7590 | 08/16/2012 |
|---|---|---|

FISH & RICHARDSON P.C. (NY)
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| EXAMINER |
|---|
| HEFFINGTON, JOHN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2172 | |

DATE MAILED: 08/16/2012

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/245,001 | 09/26/2011 | David Strober | 30160-0002002 | 4575 |

TITLE OF INVENTION: PLAY CONTROL OF CONTENT ON A DISPLAY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $870 | $0 | $0 | $870 | 11/16/2012 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26211         7590         08/16/2012
FISH & RICHARDSON P.C. (NY)
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/245,001 | 09/26/2011 | David Strober | 30160-0002002 | 4575 |

TITLE OF INVENTION: PLAY CONTROL OF CONTENT ON A DISPLAY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $870 | $0 | $0 | $870 | 11/16/2012 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HEFFINGTON, JOHN M | 2172 | 715-740000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
   ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
   ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

   1 _____
   2 _____
   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

   PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

   (A) NAME OF ASSIGNEE                          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

   Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
   ☐ Issue Fee
   ☐ Publication Fee (No small entity discount permitted)
   ☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
   ☐ A check is enclosed.
   ☐ Payment by credit card. Form PTO-2038 is attached.
   ☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
   ☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.        ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____                Date _____

Typed or printed name _____              Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/245,001 | 09/26/2011 | David Strober | 30160-0002002 | 4575 |

26211    7590    08/16/2012
FISH & RICHARDSON P.C. (NY)
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| EXAMINER |
|---|
| HEFFINGTON, JOHN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2172 | |

DATE MAILED: 08/16/2012

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 4 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 4 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

Page 3 of 3
PTOL-85 (Rev. 02/11)

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

|  | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 13/245,001 | STROBER, DAVID |
|  | Examiner | Art Unit |
|  | JOHN HEFFINGTON | 2172 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *proposed claim amendments dated 30 July 2012.*.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-4, 6-27*.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some*   c) ☐ None   of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
      1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.
   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
      Paper No./Mail Date _____.
   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☒ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
5. ☐ Notice of Informal Patent Application
6. ☒ Interview Summary (PTO-413), Paper No./Mail Date *20120728*.
7. ☒ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.

Application/Control Number: 13/245,001 Page 2
Art Unit: 2172

## EXAMINER'S AMENDMENT

1. An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Samuel Borodach on 26 July 2012 and 30 July 2012.

The application has been amended as follows:

Claim 1. A machine-implemented method of controlling presentation of video content on a display device [[by a]] that loads any one of a plurality of different media player players, the method comprising:

assigning, by a server system, a synchronization code to thfe display device;

receiving, in the server system, a message from a personal computing device that is separate from the server system and separate from the display device, wherein the message includes the synchronization code;

storing, by the server system, a record establishing an association between the personal computing device and the display device based on the synchronization code;

receiving, in [[a]] the server system, one or more signals from a remote the personal computing device, the one or more signals specifying a video file to be acted upon and identifying a particular media player for playing the video content, the one or

Application/Control Number: 13/245,001 Page 3
Art Unit: 2172

more signals further including a universal playback control command for controlling playing of the video content on the display device by the <u>particular</u> media player,

converting, by the server system, the universal playback control command into corresponding programming code to control playing of the video content on the display device by the <u>particular</u> media player, wherein converting the universal playback control command includes selecting from among a plurality of specific commands, each of which represents a corresponding playback control command for a respective media player; and

storing, in a database associated with the server system, ~~a message~~ <u>information</u> for transmission to or retrieval by the display device, wherein the ~~message~~ <u>information</u> specifies the video file to be acted upon, identifies the <u>particular</u> media player for playing the video content, and includes the corresponding programming code to control playing of the video content on the display device by the <u>particular</u> media player in accordance with the universal playback control command.

Claim 2. The method of claim 1 including:

checking, in the server system, the identity of the media player identified in the one or more signals from the personal computing device;

loading an appropriate set of protocols or application programming interfaces from a library based on the identity of the media player; and

Application/Control Number: 13/245,001 Page 4
Art Unit: 2172

converting the command from the personal computing device into [[a]] corresponding ~~JavaScript~~ code to control the media player.

Claim 9. The method of claim 1 ~~including: receiving, in the server system, a code from the personal computing device,~~ wherein the <u>synchronization</u> code is uniquely associated with the display device on which the video content is to be played[[;]] ~~and storing in the server system a record establishing a connection between the personal computing device and the display device based on the code~~.

Claim 10. The method of claim 9 wherein the <u>synchronization</u> code is different from an IP address associated with the display device and is different from a MAC address associated with the display device.

Claim 11. The method of claim 9 <u>wherein assigning a synchronization code includes</u> ~~including~~ assigning a randomly generated code to the display device each time the display device connects to the server system.

Application/Control Number: 13/245,001 Page 5
Art Unit: 2172

Claim 12. A system for controlling playing of video content on a display device [[by a]] that loads any one of a plurality of different media player players, the system comprising:

a server system;

a first database storing a relationship between a personal computing device and the display device based on a synchronization code assignd by the server system to the display device and received by the server system in a message from the personal computing device, wherein the personal computing device is separate from the server system and separate from the display device; and

a second database;

wherein the server system is operable configured to receive one or more signals from [[a]] the remote personal computing device, the one or more signals specifying a video file to be acted upon and identifying a particular media player for playing the video content, the one or more signals further including a universal playback control command for controlling playing of the video content on the display device,

one or more non-transitory computer-readable media storing instructions that when executed by the server system, cause the server system to perform operations including converting the universal playback control command into corresponding programming code to control playing of the video content of the particular media player, wherein converting the universal playback control command includes selecting from

Application/Control Number: 13/245,001 Page 6
Art Unit: 2172

among a plurality of specific commands, each of which represents a corresponding playback control command for a respective media player;

the server system being further ~~operable~~ <u>configured</u> to store in the second database ~~a message~~ <u>information</u> for transmission to or retrieval by the display device, wherein the ~~message~~ <u>information</u> specifies the video file to be acted upon, identifies the <u>particular</u> media player for playing the video content, and includes the corresponding programming code to control playing of the video content on the display device by the <u>particular</u> media player in accordance with the universal playback control command.

Claim 13. The system of claim 12 including:

library storing protocols or application programming interfaces,

wherein the server system is ~~operable~~ <u>configured</u> to check the identity of the media player identified in the one or more signals from the personal computing device, load an appropriate set of protocols or application programming interfaces from the library based on the identity of the media player, and convert the command from the personal computing device into a corresponding programming code used by the display device to control the media player.

Claim 14. The system of claim 12 including:

Application/Control Number: 13/245,001　　　　　　　　　　　　　　　　　　　Page 7
Art Unit: 2172

　　　　a look-up table storing a plurality of commands each of which is for a particular type of media player,

　　　　wherein the server system is ~~operable~~ <u>configured</u> to convert the command into corresponding programming code to control the media player based on information in the look-up table.

16. The system of claim 15 the server system is ~~operable~~ <u>configured</u> to convert the universal command by selecting from among the plurality of specific commands stored in the look-up table.

Claim 20. The system of claim 12 wherein ~~the server system is operable to receive a code from the personal computing device, wherein~~ the <u>synchronization</u> code is uniquely associated with the display device on which the video content is to be played, ~~the server system further being operable to store the record establishing a connection between the personal computing device and the display device based on the code~~.

Claim 21. The system of claim 20 wherein the <u>synchronization</u> code is different from an IP address associated with the display device and is different from a MAC address associated with the display device.

Claim 22. The system of claim 20 wherein the server system is ~~operable~~ <u>configured</u> to assign <u>as the synchronization code</u> a randomly generated code ~~to the display device~~ each time the display device connects to the server system.

Claim 23. An automated machine-implemented method of presenting video content on a display device [[by a]] <u>that loads any one of a plurality of different</u> media player, the method comprising:

    displaying, by the display device, a synchronization code that was assigned to the display device by a server system, the server system subsequently storing, based on a message from a personal computing device that is separate from the server system and the display device, an association between the display device and the personal computing device, the message from the personal computing device including the synchronization code.

    retrieving, by the display device from a server system, first information that specifies a first video file to be acted upon, that identifies a first media player for playing the first video file, and that indicates corresponding programming code to control playing of the first video file on the display device by the first media player in accordance with a first playback control command, wherein the server system previously received, from the personal computing device, one or more signals specifying the first video file identifying the first media player and including the first playback control command;

Application/Control Number: 13/245,001 Page 9
Art Unit: 2172

obtaining, by the display device, over the Internet the first media player for playing the first video file;

loading the first media player in the display device;

executing the first playback control command with respect to the first video file using the first media player;

subsequently retrieving, by the display device from the server system, second information that specifies a second video file to be acted upon, that identifies a second media player different from the first media player for playing the second video file, and that indicates corresponding programming code to control playing of the second video file on the display device by the second media player in accordance with a second playback control command, wherein the server system previously received, from the personal computing device, one or more signals specifying the second video file, identifying the second media player and including the second playback control command;

obtaining, by the display device, over the Internet the second media player for playing the second video file;

loading the second media player in the display device; and

executing the second playback control command with respect to the second video file using the second media player.

Application/Control Number: 13/245,001 Page 10
Art Unit: 2172

Claim 27. The method of claim 23 wherein the display device checks whether the respective media player needed to play the particular <u>one of the</u> video ~~file~~ <u>files</u> already is loaded in the display device before obtaining a copy of the media player over the Internet.

## Summary of the Prior Art of Record

Schwartz et al. (US 2011/0060998 A1) – Schwartz discloses A system and a method manage internet media content by identifying relevant media content associated with a webpage, generating a symbolic representation for the identified media and/or presenting the symbolic representation of the identified media to enable media management, organization, retrieval, consumption and/or redirection functionality to be integrated with a web browsing experience. The system and the method may provide enhanced multimedia functionality integrated with a web browsing experience using an application providing web browser functionality, a plug-in program for an existing web browser, and/or an application associated and/or in communication with a web browser.

Hjelmeland Almas et al. (US 2008/0301737 A1) - A portable communication device is equipped with a content and/or channel recommendation function that is configured to provide a user with content recommendations for watching a television program. The portable communication device is used as a remote control to control various aspects of the television. In one embodiment, channel recommendations are made based upon the user's mobile activities. Such activities include: web browsing, web searching,

Application/Control Number: 13/245,001 Page 11
Art Unit: 2172

multimedia content rendered and/or downloaded on the portable communications device, contact information, and calendar information stored on the portable communication device. In another embodiment, the user may view television programs previously and/or currently being watched by a contact.

2. The following is an examiner's statement of reasons for allowance:

Independent claims 1, 12 and 23 are allowable over the prior art of record, specifically, the prior art of record fails to disclose a non-obvious combination made without impermissible hindsight of:

assigning, by a server system, a synchronization code to a display device; receiving, in the server system, a message from a personal computing device that is separate from the server system and separate from the display device, wherein the message includes the synchronization code, one or more signals specifying a video file to be acted upon and identifying a particular media player for playing the video content, the one or more signals further including a universal playback control command for controlling playing of the video content on the display device by the particular media player; storing, in a database associated with the server system, information for transmission to or retrieval by the display device, wherein the information specifies the video file to be acted upon, identifies the particular media player for playing the video content, and includes the

Application/Control Number: 13/245,001 Page 12
Art Unit: 2172

corresponding programming code to control playing of the video content on the display device by the particular media player in accordance with the universal playback control command.

The respective dependent claims add further limitations to the allowable subject matter of the independent claims and are, therefore, allowable over the prior art of record. Specifically, the prior art fails to clearly teach or fairly suggest the combination of elements as recited in the claims.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

## Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JOHN HEFFINGTON whose telephone number is (571)270-1696. The examiner can normally be reached on 8:30 am to 5:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Boris M. Pesin can be reached on 571-272-4070. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 13/245,001                                                                Page 13
Art Unit: 2172

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

JMH
7/30/12
/Boris Pesin/
Supervisory Patent Examiner, Art Unit 2172