# EXHIBIT 4

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| Appl. No. | : | 15/687,249 | Confirmation No. | 4059 |
| First Inventor | : | David Strober | | |
| Applicant | : | Touchstream Technologies, Inc. | | |
| Filed | : | 08/25/2017 | | |
| Title | : | PLAY CONTROL OF CONTENT ON A DISPLAY DEVICE | | |
| Group Art Unit | : | 2172 | | |
| Examiner | : | Gaffin, Jeffrey A | | |
| Atty Docket No. | : | 41179.278581 | | |
| Customer No. | : | 149550 | | |

**VIA EFS-WEB – May 9, 2019**

Mail Stop Amendment
Commissioner for Patents
P. O. Box 1450
Alexandria, VA   22313-1450

## REQUEST FOR AN EXTENSION OF TIME

It is hereby requested that the time period for responding to Office Action mailed

January 08, 2019, be extended for two (2) months or until May 9, 2019.  The appropriate extension

fee under 37 C.F.R. § 1.17(a)(2) is submitted herewith by way of electronic payment.

## RESPONSE

In response to the Office Action mailed January 08, 2019, please reconsider the

above-identified application as follows:

**Listing of the Claims:** begin on page 2 of this paper.

**Remarks:** begin on page 8 of this paper.

4852-2419-9559 v2

Application No.  15/687,249
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

Attorney Docket No. 41179.278581

**Listing of the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

1.     (Original)     A non-transitory computer storage medium storing computer-useable instructions that, when used by one or more computing devices, cause the one or more computing devices to perform operations for remotely presenting various types of content, the operations comprising:

initializing a connection with a remote server device to facilitate an association with a remote computing device;

receiving, from the remote server device, a first message that includes at least one command in a first format, wherein the first message is received based at least in part on a second message including at least one command in a second format having been sent from the associated remote computing device;

employing a first media player application operable to load a first piece of content referenced in the received first message; and

controlling a presentation of the first piece of content loaded in the employed first media player application based on a first command in the first format having been included in the received first message for recognition by the first media player application.

2.     (Original)     The non-transitory computer storage medium of claim 1, wherein a command in the second format is a universal command.

3.     (Original)     The non-transitory computer storage medium of claim 2, wherein the first format is different than the second format.

4852-2419-9559 v2

Application No. 15/687,249                                    Attorney Docket No. 41179.278581
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

4.    (Original)    The non-transitory computer storage medium of claim 1, wherein the second message is sent to the remote server device.

5.    (Original)    The non-transitory computer storage medium of claim 1, wherein the at least one command in the second format is converted into the at least one command in the first format based at least in part on the second message including therein a reference to the first piece of content.

6.    (Original)    The non-transitory computer storage medium of claim 1, wherein the at least one command in the second format is converted into the at least one command in the first format based at least in part on a reference to the first media player application having been included in the second message.

7.    (Original)    The non-transitory computer storage medium of claim 1, wherein the first media player application is employed based at least in part on the received first message including therein a reference to the first media player application.

8.    (Original)    The non-transitory computer storage medium of claim 1, wherein controlling the presentation includes an execution of the first command.

9.    (Original)    The non-transitory computer storage medium of claim 1, the operations further comprising:

obtaining the first media player application based on a determination that the first media player application is not already being employed.

4852-2419-9559 v2

Application No. 15/687,249                                            Attorney Docket No. 41179.278581
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

10.    (Original)    The non-transitory computer storage medium of claim 9, wherein the first media player application is obtained from a content provider that corresponds to the referenced first piece of content.

11.    (Original)    The non-transitory computer storage medium of claim 1, wherein the connection with the remote server device is maintained, for at least a duration that the first media player application is being employed, to facilitate a change from the first media player application to a second media player application operable to load a second piece of content referenced in a second message received from the remote server device.

12.    (Original)    A computer-implemented method for remotely presenting various types of content, comprising:

initializing, by a content presentation device, a connection with a remote server device to facilitate an association between the content presentation device and a remote computing device;

receiving, by the content presentation device and from the remote server device, a first message that includes at least one command in a first format, wherein the first message is received based at least in part on a second message including at least one command in a second format having been sent from the remote computing device associated with the content presentation device;

employing, while the connection with the remote server device is maintained, a first media player application operable to load a first piece of content based at least in part on the first piece of content being referenced in the received first message; and

4852-2419-9559 v2

controlling, by the content presentation device, a presentation of the first

piece of content loaded in the employed first media player application based on a

first command in the first format having been included in the received first message

for recognition by the first media player application.

13.    (Original)    The computer-implemented method of claim 12, wherein the

first media player application is employed based at least in part on the received first message

including therein a reference to the first media player application.

14.    (Original)    The computer-implemented method of claim 12, the

operations further comprising:

obtaining the first media player application based on a determination that a

second media player application is being employed.

15.    (Original)    The computer-implemented method of claim 12, wherein the

first media player application obtained by retrieving the first media player application from a

content provider associated with the referenced first piece of content.

16.    (Original)    The computer-implemented method of claim 12, wherein the

presentation of the first piece of content loaded in the employed first media player application is

controlled based further on the first command in the first format having been converted, from the

second command in the second format, for inclusion in the received first message for recognition

by the first media player application.

17.    (Original)    A content presentation device comprising:

a display;

4852-2419-9559 v2

Application No. 15/687,249                                          Attorney Docket No. 41179.278581
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

at least one processor; and

at least one computer storage media storing computer-usable instructions that, when used by the at least one processor, cause the at least one processor to:

initialize a connection with a remote server device to facilitate an association between the content presentation device and a remote computing device, wherein the associated remote computing device is configured to send messages that include at least one command in a second format;

receive, from the remote server device, a first message that includes at least one command in a first format based on a second message in the second format sent from the associated remote computing device;

employ a first media player application operable to load a first piece of content referenced in the received first message; and

control a presentation of the first piece of content loaded in the employed first media player application based on a first command in the first format having been included in the received first message for recognition by the first media player application.

18.    (Original)    The content presentation device of claim 17, wherein a command in the first format is recognizable by the first media player application.

19.    (Original)    The content presentation device of claim 17, wherein the second message is sent to the remote server device.

Application No. 15/687,249                                    Attorney Docket No. 41179.278581
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

20.    (Original)    The content presentation device of claim 18, wherein the first media player application is employed based at least in part on the received first message including therein a reference to the first media player application.

4852-2419-9559 v2

Application No. 15/687,249
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

Attorney Docket No. 41179.278581

## REMARKS

The Non-Final/Final Office Action mailed January 08, 2019 has been received and reviewed. Prior to the present communication, claims 1-20 were pending and claims 1-20 stand rejected. Reconsideration of the subject application is respectfully requested in view of the following remarks.

**Rejections based on 35 U.S.C. § 102**

Claims 1 and 4-20 are rejected under 35 U.S.C. § 102 as ostensibly being anticipated by U.S. Publication No. 2012/0130971 to Morris (hereinafter "Morris"). Applicant respectfully traverses this rejection. As the asserted reference fails to describe, expressly or inherently, each and every element recited in the rejected claims, Applicant respectfully traverses the rejection, as hereinafter set forth.

Applicant submits that Morris fails to describe, among other things, "*receiving, from the remote server device, a first message that includes **at least one command in a first format**, wherein the first message is received based at least in part on a second message including **at least one command in a second format** having been sent from the associated remote computing device.*" The Office asserts that Morris purportedly describes this feature by citing steps 210 and 212 of FIG. 2 and ¶¶[0044]-[0045] of Morris.

Specifically, step 210 of FIG. 2 of Morris recites (from a perspective of a portable computing device):

> Receive user input associated with a particular media content item of the identified media content, the user input indicating selection of a send media option associated with the particular media content item.

4852-2419-9559 v2

Application No. 15/687,249                                                    Attorney Docket No. 41179.278581
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

More so, ¶[0044] of Morris recites (also from the perspective of the portable computing device):

> At 210, user input associated with a particular media content item of the identified media content may be received. The portable computing device may display a play option that is selectable to play the particular media content item on the portable computing device. The portable computing device may also, or in the alternative, display a send media option that is selectable to throw the particular media content item to a display device external to the portable computing device. When the user selects the play option, the portable computing device may receive the particular media content item from an application server. Alternately, *the portable computing device may receive at least one command that enables <u>the portable computing device</u> to access the network address of the particular media content item and to play the particular media content item on the portable computing device*. The portable computing device may access the particular media content item directly from the network address (i.e., without the application server).

Next, Step 212 of FIG. 2 of Morris recites (once again, from the perspective of the portable computing device):

> Generate a message in response to the user input, where the message includes information identifying a network address at the remote computing device corresponding to the particular media content item.

Finally, ¶[0045] of Morris recites (again, from the perspective of the portable computing device):

> When the user provides user input selecting the send media option, the portable computing device may generate a message in response to the user input, at 212. The message may include information identifying a network address at the remote computing device corresponding to the particular media content item. The network address may identify the particular media content in a format that is playable by the device to receive the particular media content item.

Applicant submits that Morris merely describes (1) that a *portable computing device* can generate a message that "may include information identifying a network address …

Application No.  15/687,249                                                        Attorney Docket No. 41179.278581
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

corresponding to the particular media content item" and (2) that *the very same message*

generated by the *portable computing device* can be:

> … sent *from the portable computing device* to an application server
> that provides media content to a set top box device. The
> application server sends information to the set top box device that
> causes the set top box device to automatically play the particular
> media content item in response to the message.

> *See* Morris, ¶[0046] and step 214 of FIG. 2.

Applicant submits that Morris is completely silent with regard to "*receiving, from*

*the remote server device, a first message that includes **at least one command in a first format**,*

*wherein the first message is received based at least in part on a second message including **at***

***least one command in a second format** having been sent from the associated remote computing*

*device.*"

In fact, Morris never describes commands in different formats. At best, the only

reference to a "format" is recited in ¶[0045] of Morris, which states that a generated message can

include information identifying a network address, and that the "network address may identify

the particular media *content in a format* that is playable by the device to receive the particular

media content item."

Moreover, even if the Office interprets "user input selecting the send media

option" as a command in a particular format, Applicant submits that the user input is not an

equivalent of a generated message. Instead, as described by Morris, a message is generated *by a*

*portable computing device based on* the "user input selecting the *send media option*." Yet,

Morris still fails to describe that another message having a command in a different format is

generated.

4852-2419-9559 v2

Finally, Morris consistently recites that the "message" is generated by a *portable computing device* that is "*sent from the portable computing device to an application server that provides media content to a set top box.*" *See* Morris, ¶¶[0044]-[0046] and FIG. 2. Morris fails to describe, among other things, "receiving, *from the remote server device*, <u>a first message that includes at least one command in a first format</u>, wherein the first message is received based at least in part on <u>a second message including at least one command in a second format</u> *having been sent from the associated remote computing device*; employing a first media player application operable to load a first piece of content referenced in the received first message; and controlling a presentation of the first piece of content loaded in the employed first media player application *based on a first command in the first format having been included in the received first message **for recognition by the first media player application**,*" as similarly recited in the independent claims. Applicant notes that there is no mention of multiple messages having at least one command in different formats.

Applicant submits that no matter how unreasonably broad of an interpretation that the Office may take to read on the claims as presented, Morris further fails to describe that, particularly in light of the above, that Morris does not describe "controlling a presentation of the first piece of content loaded in the employed first media player application *based on a first command in the first format having been included in the received first message **for recognition by the first media player application**.*" In other words, even if a "user input" is considered a generated message, the user input does not include a first command in a first format for recognition by a first media player application. The user input is described as a "send media option" that causes a *portable computing device* to generate a message. The "send media option" itself simply cannot correspond to a first command in a first format *for recognition by a first*

Application No. 15/687,249
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

Attorney Docket No. 41179.278581

*media player application*. At best, the "send media option" can correspond to a user input that causes a portable computing device to generate a message, one that is never described as being communicated between entities in different formats according to Morris.

For at least the reasons as detailed hereinabove, Morris fails to describe each element recited in independent claims 1, 12, and 17. Accordingly, withdrawal of the rejections of these claims is respectfully requested as well, for at least the above-cited reasons. Claims 1-20 are believed to be in condition for allowance and such favorable action is respectfully requested.

**Rejections based on 35 U.S.C. § 103**

Claims 2 and 3 were rejected under 35 U.S.C. § 103 as ostensibly being unpatentable over U.S. Publication No. 2012/0130971 to Morris (hereinafter "Morris"), in view of US. Publication No. 2009/0248802 to Mahajan et al. (hereinafter "Mahajan et al.)Applicant respectfully traverses this rejection. As the cited references, both alone or in combination, fail to teach or suggest all of the features of the independent claims, Applicant respectfully traverses this rejection, as hereinafter set forth.

As noted above, Morris fails to describe or teach each and every feature of the independent claims. Applicant submits that Mahajan is similarly deficient in this regard. The Office concedes on page 9 of the Office action that Morris "does not expressly disclose 'wherein a command in the second format is a universal command.'" The Office cites Mahajan as purportedly teaching "translating a platform specific media playback command into a generic or universal media playback command for transmission to a client."

First, Applicant submits that Mahajan does not teach *a remote server device*, *a remote computing device*, and the *one or more computing devices* associated with the remote computing device and performing the operations described in independent claim 1, as similarly

4852-2419-9559 v2

Application No. 15/687,249                                                Attorney Docket No. 41179.278581
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

described in independent claims 12 and 17. Instead, Mahajan recites "[c]ollaboration sessions can provide a remoting experience between *a client computer* (hereinafter, "client") and *a server computer* (hereinafter, "server")" and that "[c]ollaboration can involve representing a portion, or all, of the server's graphical user-interface (GUI) on *the* client." *See* Mahajan, ¶[0011]. As such, by virtue of the described embodiments of Mahajan, Mahajan simply cannot teach one or more computing devices that perform operations including, among other things, receiving, *from the remote server device*, a first message that includes at least one command in a first format, wherein the first message is received based at least in part on a second message including at least one command in a second format having been sent *from the associated remote computing device*."

As noted above, Mahajan does not cure the deficiencies of Morris as described above in relation to "*receiving, from the remote server device, a first message that includes **at least one command in a first format**, wherein the first message is received based at least in part on a second message including **at least one command in a second format** having been sent from the associated remote computing device*," as the claims clearly require *a remote server device*, *a remote computing device*, and the *one or more computing devices* associated with the remote computing device performing the claimed operations.

As the applied references, both alone and in combination, do not teach or suggest all features of independent claims 1, 12, and 17, Applicant respectfully requests that the 35 U.S.C. § 103(a) rejection be withdrawn. As claims 2-11, 13-16, and 18-20 depend directly or indirectly from independent claims 1, 12, and 17, respectively, Applicant respectfully requests that the 35 U.S.C. § 103(a) rejection to claims 2-11, 13-16, and 18-20 be withdrawn for the same reasons as the independent claims from which they depend, and for the additional features recited therein.

4852-2419-9559 v2

Application No. 15/687,249
Response Filed: 05/09/2019
Reply to Office Action of: 01/08/2019

Attorney Docket No. 41179.278581

## CONCLUSION

For at least the reasons stated above, the pending claims are believed to be in condition for allowance. Applicant respectfully requests withdrawal of the pending rejections and allowance of the claims. If any issues remain that would prevent issuance of this application, the Examiner is urged to contact the undersigned – 816-474-6550 or kbae@shb.com (such communication via email is herein expressly granted) – to resolve the same. The fee for a two-month extension of time is submitted herewith by way of electronic payment. It is believed that no additional fee is due, however, the Commissioner is hereby authorized to charge any amount required to Deposit Account No. 19-2112 with reference to Attorney Matter No.. 41179.278581.

Respectfully submitted,

/ KEITH BAE /

Keith Bae
Reg. No. 64,633

KJBY/sw
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613
816-474-6550 Telephone
816-421-5547 Fax

Page 14 of 14

4852-2419-9559 v2