# EXHIBIT 5

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Appl. No. | : | 15/687,249     Confirmation No.     4059 |
| First Inventor | : | David Strober |
| Applicant | : | Touchstream Technologies, Inc. |
| Filed | : | 08/25/2017 |
| Title | : | PLAY CONTROL OF CONTENT ON A DISPLAY DEVICE |
| Group Art Unit | : | 2173 |
| Examiner | : | Darrin Hope |
| Atty Docket No. | : | 41197.278581 |
| Customer No. | : | 149550 |

**VIA EFS-WEB – December 12, 2019**

Mail Stop RCE
Commissioner for Patents
P. O. Box 1450
Alexandria, VA   22313-1450

**PETITION FOR EXTENSION OF TIME AND SUBMISSION IN SUPPORT OF REQUEST FOR CONTINUED EXAMINATION AND PROPOSED AMENDMENT UNDER 37 C.F.R. § 1.116**

Applicant hereby requests a three-month extension of time to respond to the Final Office Action mailed June 12, 2019, extending the period for response to December 12, 2019. Applicant respectfully requests continued examination of the above-identified application. The following is in accordance with the requirements for submission under 37 C.F.R. § 1.114 (c) and MPEP 706.07(h), Sec. II. In response to the outstanding Final Office Action, please amend the above-identified application as follows:

> **Amendments to the Claims:** begin on page 2 of this paper.
>
> **Summary of Examiner Interview**: begins on page 10 of this paper
>
> **Remarks:** begin on page 11 of this paper.

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019  
Attorney Docket No. 41197.278581

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1.  (Currently Amended) A non-transitory computer storage medium storing computer-useable instructions that, when used by ~~one or more~~ <u>a first</u> computing device[[s]], cause the ~~one or more~~ <u>first</u> computing device[[s]] to perform operations ~~for remotely presenting various types of content, the operations~~ comprising:

<u>obtaining a synchronization code associated with the first computing device, wherein the associated synchronization code is stored on a remote server device;</u>

<u>providing the synchronization code to a second computing device in communication with the remote server device, wherein the provided synchronization code causes the remote server device to store an association between the first computing device and the second computing device;</u>

~~initializing a connection with a remote server device to facilitate an association with a remote computing device;~~

receiving, from the remote server device, a first message that includes at least one command in a first format, ~~wherein~~ the first message [[is]]<u>being</u> received based at least in part <u>on the stored association and</u> on a second message including at least one command in a second format having been sent from the associated <u>second</u> ~~remote~~ computing device;

~~employing~~ <u>selecting</u> a first media player application <u>from a plurality of media player applications based at least in part on the first format of the first</u>

4814-2897-9867

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

message, the first media player application being selected operable to [[load]]play a first piece of content referenced in the received first message; and

controlling a presentation of how the selected first media player application plays the referenced first piece of content loaded in the employed first media player application based on a first command of the at least one command in the first format having been included in the received first message for recognition by the first media player application.

2. (Currently Amended) The non-transitory computer storage medium of claim 1, wherein [[a]]each command of the at least one command in the second format is a universal command.

3. (Original) The non-transitory computer storage medium of claim 2, wherein the first format is different than the second format.

4. (Currently Amended) The non-transitory computer storage medium of claim 1, wherein the second message is sent from the associated second computing device to the remote server device.

5. (Currently Amended) The non-transitory computer storage medium of claim 1, wherein the remote server device is configured to convert the at least one command in the second format is converted into the at least one command in the first format based at least in part on the second message including therein a reference to the first piece of content.

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

6. (Currently Amended) The non-transitory computer storage medium of claim 1, wherein the <u>remote server device is configured to convert the</u> at least one command in the second format <s>is converted</s> into the at least one command in the first format based at least in part on a reference to the first media player application having been included in the second message.

7. (Currently Amended) The non-transitory computer storage medium of claim 1, wherein the first media player application is <s>employed</s> <u>selected</u> based at least in part on the received first message including therein a reference to the first media player application.

8. (Currently Amended) The non-transitory computer storage medium of claim 1, wherein controlling <s>the presentation</s> <u>how the selected first media player application plays the referenced first piece of content</u> includes an execution of the first command.

9. (Currently Amended) The non-transitory computer storage medium of claim 1, the operations further comprising:

<s>obtaining</s> <u>retrieving</u> the first media player application <u>from a remote content provider</u> based on a determination that the first media player application is not already <s>being employed</s> <u>selected</u>.

10. (Currently Amended) The non-transitory computer storage medium of claim 9, wherein <s>the first media player application is obtained from a</s> <u>the remote</u> content provider <s>that corresponds to</s> <u>is associated with</u> the referenced first piece of content.

11. (Currently Amended) The non-transitory computer storage medium of claim 1, <u>the operations further comprising:</u>

Page 4 of 17

4814-2897-9867

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019  

Attorney Docket No. 41197.278581

<u>based on the stored association and while the first media player application is selected, receiving, from the remote server device, a third message that includes at least one command in a third format, wherein the third message is received based at least in part on a fourth message including at least one other command in the second format having been sent from the associated second computing device; and</u>

<u>selecting a second media player application from the plurality of media player applications based at least in part on the third format of the third message, the second media player application being selected to play a second piece of content referenced in the third message.</u> ~~wherein the connection with the remote server device is maintained, for at least a duration that the first media player application is being employed, to facilitate a change from the first media player application to a second media player application operable to load a second piece of content referenced in a second message received from the remote server device.~~

12. (Currently Amended) A computer-implemented method for remotely presenting various types of content, comprising:

<u>obtaining, by a content presentation device, a synchronization code associated with the content presentation device, wherein the associated synchronization code is stored on a remote server device;</u>

<u>providing, by the content presentation device, the synchronization code to a remote computing device in communication with the remote server device, wherein the provided synchronization code causes the remote server device to store</u>

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

an association between the content presentation device and the remote computing device;

~~initializing, by a content presentation device, a connection with a remote server device to facilitate an association between the content presentation device and a remote computing device;~~

receiving, by the content presentation device and from the remote server device, a first message that includes at least one command in a first format, ~~wherein~~ the first message [[is]]being received based at least in part on the stored association and on a second message including at least one command in a second format having been sent from the associated remote computing device ~~associated with the content presentation device~~;

~~employing~~ selecting, by the content presentation device while [[the]]a connection [[with]]between the content presentation device and the remote server device is maintained, a first media player application from a plurality of media player applications based at least in part on the first format of the first message, the first media player application being selected to play ~~operable to load~~ a first piece of content ~~based at least in part on the first piece of content being~~ referenced in the received first message; and

controlling, by the content presentation device, ~~a presentation of~~ how the selected first media player application plays the referenced first piece of content ~~loaded in the employed first media player application~~ based on a first command of the at least one command in the first format having been included in the received first message ~~for recognition by the first media player application~~.

Page 6 of 17

Application No. 15/687,249  Attorney Docket No. 41197.278581
Response Filed: 12/12/2019
Reply to Office Action of: 06/12/2019

13. (Currently Amended) The computer-implemented method of claim 12, wherein the first media player application is ~~employed~~ selected based ~~at least~~ further in part on the received first message including therein a reference to the first media player application.

14. (Currently Amended) The computer-implemented method of claim 12, the operations further comprising:

~~obtaining~~ selecting the first media player application based on a determination that a second media player application is ~~being employed~~ currently selected.

15. (Currently Amended) The computer-implemented method of claim 12, further comprising: ~~wherein the first media player application obtained by~~ retrieving, by the content presentation device, the selected first media player application from a remote content provider ~~associated with the referenced first piece of content~~ based on the first format of the first message.

16. (Currently Amended) The computer-implemented method of claim 12, wherein the remote server device is configured to convert the at least one command in the second format into the at least one command in the first format based at least in part on a reference to the first media player application having been included in the second message, and wherein the first media player application is selected based further on the at least one command in the first format having been converted from the second format. ~~the presentation of the first piece of content loaded in the employed first media player application is controlled based further on the first command in the first format having been converted, from the second command in the second format, for inclusion in the received first message for recognition by the first media player application.~~

Page 7 of 17
4814-2897-9867

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

17. (Currently Amended) A content presentation device comprising:

a display;

at least one processor; and

at least one computer storage media storing computer-usable instructions that, when used by the at least one processor, cause the at least one processor to:

obtain a synchronization code associated with the content presentation device, wherein the associated synchronization code is stored on a remote server device;

provide the synchronization code to a remote computing device in communication with the remote server device, wherein the provided synchronization code causes the remote server device to store an association between the content presentation device and the remote computing device;

~~initialize a connection with a remote server device to facilitate an association between the content presentation device and a remote computing device, wherein the associated remote computing device is configured to send messages that include at least one command in a second format;~~

receive, from the remote server device, a first message that includes at least one command in a first format, the first message being received based on the stored association and on a second message in the second format sent from the associated remote computing device;

~~employ~~ select a first media player application from a plurality of media player applications based on the first format of the first message, the first media

4814-2897-9867

Application No. 15/687,249
Response Filed: 12/12/2019
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

player application <u>being selected to play</u> ~~operable to load~~ a first piece of content referenced in the received first message; and

control ~~a presentation of~~ <u>how the selected first media player application plays</u> the <u>referenced</u> first piece of content ~~loaded in the employed first media player application~~ based on a first command <u>of the at least one command</u> in the first format having been included in the received first message ~~for recognition by the first media player application~~.

18. (Currently Amended) The content presentation device of claim 17, wherein <u>the first media player application is configured to recognize</u> [[a]]<u>each</u> command <u>of the at least one command</u> in the first format ~~is recognizable by the first media player application~~.

19. (Currently Amended) The content presentation device of claim 17, wherein the second message is sent <u>from the associated second computing device</u> to the remote server device.

20. (Currently Amended) The content presentation device of claim 18, wherein the first media player application is ~~employed~~ <u>selected</u> based ~~at least in part~~ <u>further</u> on the received first message including therein a reference to the first media player application.

4814-2897-9867

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

## **SUMMARY OF EXAMINER INTERVIEW**

Applicant would like to thank the Examiner for granting an interview on June 26, 2019. During the interview, Applicant discussed proposed amendments to independent claim 1. No agreement was reached.

Application No.  15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019  

Attorney Docket No. 41197.278581

## **REMARKS**

The Non-Final Office Action mailed June 12, 2019 has been received and reviewed. Prior to the present communication, claims 1-20 were pending and claims 1-20 stand rejected. Each of claims 1-2 and 4-20 has been amended herein. No new matter has been added. Reconsideration of the subject application is respectfully requested in view of the amendments and the following remarks.

### **Rejections based on 35 U.S.C. § 102**

Claims 1 and 4-20

Claims 1 and 4-20 are rejected under 35 U.S.C. § 102 as ostensibly being anticipated by U.S. Publication No. 2012/0130971 to Morris (hereinafter "Morris"). Applicant respectfully traverses this rejection. As the asserted reference fails to describe, expressly or inherently, each and every element recited in the rejected claims, Applicant respectfully traverses the rejection, as hereinafter set forth.

Applicant has amended independent claims 1, 12, and 17 to similarly recite, among other things, "*obtaining a synchronization code associated with the first computing device*, wherein the associated synchronization code is stored on a remote server device; *providing the synchronization code to a second computing device in communication with the remote server device*, wherein the *provided synchronization code causes the remote server device to store an association between the first computing device and the second computing device*; receiving, from the remote server device, a first message that includes at least one command in a first format, the first message being received *based at least in part on the stored association and on a second message including at least one command in a second format having been sent from the associated second computing device*; *selecting a first media player application from a plurality*

Page 11 of 17

4814-2897-9867

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019  
Attorney Docket No. 41197.278581

*of media player applications based at least in part on the first format of the first message*, the first media player application being selected to play a first piece of content referenced in the received first message; and *controlling how the selected first media player application plays the referenced first piece of content* based on a first command of the at least one command in the first format having been included in the received first message." Applicant submits that Morris fails to describe each and every one of the above-recited features.

First and foremost, Applicant submits that Morris does not describe "*obtaining a synchronization code associated with the first computing device*, wherein the associated synchronization code is stored on a remote server device; *providing the synchronization code to a second computing device in communication with the remote server device*, wherein the *provided synchronization code causes the remote server device to store an association between the first computing device and the second computing device*." At best, Morris recites

> Settings of the throw application 132 may cause the processor 116 to send to the display 120 a listing of one or more external display devices (e.g., a family room television or a bedroom television). Entries in the listing may be stored in a table in the memory 122. For each external display device in the table, the table may include a network address for a media device that provides media content to the external display device.

*See* Morris, ¶[0028]. Applicant submits that settings stored in a table is entirely different from obtaining an associated synchronization code by a first computing device, which is then provided by the first computing device to a second computing device in communication with a remote server device, causing the remote server device to store an association between the first and second computing devices, as similarly recited in the amended independent claims. For at least these reasons, Morris fails to anticipate the recited features of at least the amended independent claims.

Application No. 15/687,249
Response Filed: 12/12/2019
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

Second, Morris fails to describe at least "receiving, from the remote server device, a first message that includes at least one command in a first format, *the first message being received based at least in part on the stored association and on a second message including at least one command in a second format having been sent from the associated second computing device*." Morris generally describes technology for sending from an application server a network address of a media content item to a display device. *See* Morris, [0068]. If a set top box of the display device cannot play a format of the content item, then the application server can transcode the content item to a compatible format and send it to the set top box to be played on the display device. *See* id. At best, Morris describes a transcode module that can determine the format <u>of a media content item</u>, determine that a destination cannot play <u>the media content item</u> in the format, and transcode <u>the media content item</u> into a format compatible with the destination. *See* Morris, paragraphs [0026] and [0033-34]. Applicant submits that <u>a *first message including at least one command in a first format*</u> being received **based at least in part on the stored association and on** <u>**a second message including at least one command in a second format**</u> **having been sent from the associated second computing device** is different from the communication of transcoded media content based on a determined incompatibility. Applicant's claims specifically recite "first piece of content", which should not be conflated with "messages" or "commands," though it appears that the Office conflates "transcoded media content" with one or both claim elements. Applicant's claims recite further steps, such as selection of a first media player to play a first piece of content referenced in the first message. The claim does not recite *playing a received message or playing a received command with a first media player*, as would be necessary to reasonably utilize a broadest reasonable interpretation rejection in this instance.

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

Finally, Applicant submits that Morris does not describe "*selecting a first media player application from a plurality of media player applications based at least in part on the first format of the first message*, the first media player application being **selected to play a first piece of content referenced in the received first message**; and *controlling how the selected first media player application plays the referenced first piece of content* based on a first command of the at least one command in the first format having been included in the received first message." Specifically, Morris fails to describe *selecting from a plurality of media player applications based on the format of a received message*. At best, Morris merely describes that "the application server may determine whether the particular media content item is in a format that can be played by the particular set top box." *See* Morris, [0068]. Applicant submits that the application server of Morris is not a first computing device or a content presentation device, as required by the amended independent claims. The "set top box" of Morris does not *select a first media player application from a plurality of media player applications based at least in part on the first format of the first message*, nor does the set top box of Morris *control how the selected first media player application plays the referenced first piece of content* based on a first command of the at least one command in the first format having been included in the received first message.

For at least the reasons as detailed hereinabove for the similar features of amended independent claims 1, 12, and 17, Morris fails to describe each element recited in amended independent claims 1, 12, and 17. Accordingly, withdrawal of the rejections of these claims is respectfully requested as well, for at least the above-cited reasons. Claims 2-11, 13-16, and 18-20 are believed to be in condition for allowance and such favorable action is respectfully requested.

Applicant further submits that the dependent claims are also allowable for the additional features recited therein. For instance, claims 9 or 15 recite the retrieval of a first media

Application No. 15/687,249　　　　　　　　　　　　　　　　　Attorney Docket No. 41197.278581
Response Filed: 12/12/2019
Reply to Office Action of: 06/12/2019

player *application* from a remote content provider based on (a) determining that the first media player application is not already selected or (b) the first format of the first message. Applicant submits that, at best, Morris notes that media *content* from a content provider can be referenced in a message. Applicant submits that referenced media *content* is different than retrieval of a media player *application* from a remote content provider. More so, retrieval of the media player application based on determining that it is not already selected is far removed from the referencing of media content as in Morris.

### Rejections based on 35 U.S.C. § 103

#### Claims 2 and 3

Claims 2 and 3 were rejected under 35 U.S.C. § 103 as ostensibly being unpatentable over Morris in view of U.S. Publication No. 2009/0248802 to Mahajan et al. (hereinafter "Mahajan"). Applicant respectfully traverses this rejection. Applicant submits that Mahajan fails to cure the deficiencies of Morris, as noted above at least with respect to the amended independent claims. Applicant respectfully traverses this rejection, because the cited references, both alone or in combination, fail to teach or suggest all of the features of the independent claims as amended. Specifically, as noted above, Morris is deficient in describing "*obtaining a synchronization code associated with the first computing device*, wherein the associated synchronization code is stored on a remote server device; *providing the synchronization code to a second computing device in communication with the remote server device*, wherein the *provided synchronization code causes the remote server device to store an association between the first computing device and the second computing device*; receiving, from the remote server device, a first message that includes at least one command in a first format, the first message being

Application No. 15/687,249  Attorney Docket No. 41197.278581
Response Filed: 12/12/2019
Reply to Office Action of: 06/12/2019

received *based at least in part on the stored association and on a second message including at least one command in a second format having been sent from the associated second computing device*; *selecting a first media player application from a plurality of media player applications based at least in part on the first format of the first message*, the first media player application being selected to play a first piece of content referenced in the received first message; and *controlling how the selected first media player application plays the referenced first piece of content* based on a first command of the at least one command in the first format having been included in the received first message." Applicant submits that Mahajan is similarly deficient in teaching these features. Applicant does not concede to the Office's assertions regarding Mahajan, and because Mahajan was only cited against dependent claims 2-3, not to the independent claims, Applicant submits that the claims are allowable because Mahajan does not cure the deficiencies of Morris.

As the applied references, both alone and in combination, do not teach or suggest all features of amended independent claims 1, 12, and 17, Applicant respectfully requests that the 35 U.S.C. § 103(a) rejection be withdrawn. As claims 2-3 depend directly or indirectly from amended independent claim 1y, Applicant respectfully requests that the 35 U.S.C. § 103(a) rejection to claims 2-3 be withdrawn for the same reasons as the amended independent claim from which they depend, and for the additional features recited therein.

Application No. 15/687,249  
Response Filed: 12/12/2019  
Reply to Office Action of: 06/12/2019

Attorney Docket No. 41197.278581

**CONCLUSION**

For at least the reasons stated above, the pending claims are believed to be in condition for allowance. Applicant respectfully requests withdrawal of the pending rejections and allowance of the claims. If any issues remain that would prevent issuance of this application, the Examiner is urged to contact the undersigned – 816-474-6550 or kbae@shb.com (such communication via email is herein expressly granted) – to resolve the same. It is believed that all fees due have been paid. However, if this belief is in error, the Commissioner is hereby authorized to charge any amount required to Deposit Account No. 19-2112, with reference to Attorney Docket No. 41197.278581.

Respectfully submitted,

/KEITH J. BAE/

Keith J. Bae
Reg. No. 64,633

KJBY/sw
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613
816-474-6550 Telephone
816-421-5547 Fax

4814-2897-9867