# EXHIBIT 6

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 16/917,095 | Confirmation No. 6770 |
| First Inventor | : | David Strober | |
| Applicant | : | Touchstream Technologies, Inc. | |
| Filed | : | 06/30/2020 | |
| Title | : | PLAY CONTROL OF CONTENT ON A DISPLAY DEVICE | |
| Group Art Unit | : | 2173 | |
| Examiner | : | Darrin Hope | |
| Atty. Docket No. | : | 41197.280029 | |
| Customer No. | : | 149550 | |

**VIA EFS-WEB – October 28, 2020**

Mail Stop Amendment
Commissioner for Patents
P. O. Box 1450
Alexandria, VA  22313-1450

**REQUEST FOR EXTENSION OF TIME & REPLY TO FIRST ACTION INTERVIEW PILOT PROGRAM PRE-INTERVIEW COMMUNICATION**

Applicant hereby requests a three-month extension of time to respond to the First Action Interview Pilot Program Pre-Interview Communication mailed September 3, 2020, extending the period for response to November 3, 2020. The present communication is submitted in response to the outstanding communication. In response to this communication, please consider the following:

**First Action Interview Response:** begin on page 2 of this paper.

**Listing of the Claims:** begin on page 3 of this paper.

**Remarks/Arguments:** begin on page 9 of this paper.

Application No. 16/917,095  
Response Filed 10/28/2020  
Reply to Office Action of: 09/03/2020

Attorney Docket No. 41197.280029

**First Action Interview**

Applicants specifically request an interview under the First Action Interview Pilot Program. As such, Applicants have electronically filed an Applicant Initiated Interview Request Form herewith the corresponding proposed amendment or arguments.

Application No. 16/917,095  
Response Filed 10/28/2020  
Reply to Office Action of: 09/03/2020  

Attorney Docket No. 41197.280029

**Listing of Claims:**

This listing of claims is presented for discussion purposes:

    1.    (Original) A non-transitory computer storage medium storing computer-useable instructions that, when used by a computing device, cause the computing device to perform operations comprising:

        providing a unique identifier of the computing device to another computing device;

        receiving a set of messages from the other computing device based on the provided unique identifier, the received set of messages referencing a piece of content associated with a first media playing element of a plurality of media playing elements, and including a set of commands that corresponds to the first media playing element;

        selecting the first media playing element from the plurality of media playing elements based at least in part on the received message; and

        controlling how the selected first media playing element plays the referenced piece of content based on at least one command of the set of commands included in the received set of messages.

    2.    (Original) The medium of claim 1, wherein the set of commands included in the received set of messages is recognizable by the first media playing element.

Application No. 16/917,095  
Response Filed 10/28/2020  
Reply to Office Action of: 09/03/2020  

Attorney Docket No. 41197.280029

3. (Original) The medium of claim 2, wherein the set of commands is converted via an API adapter to be recognizable by the first media playing element, the set of commands being converted based on a determination that the first media playing element is associated with the referenced piece of content.

4. (Original) The medium of claim 1, wherein the set of commands is defined in a universal format and converted to a particular format recognizable by the first media playing element.

5. (Original) The medium of claim 1, wherein the unique identifier includes one of an IP address, a MAC address, a web cookie, a browser cookie, a QR code, a RFID code, a text, or a synchronization code.

6. (Original) The medium of claim 1, wherein the received set of commands includes programming code associated with the first media playing element.

7. (Original) The medium of claim 1, wherein each media playing element of the plurality of media playing elements is operable to play and/or control a corresponding type of media.

8. (Original) A computerized system comprising:

    a server; and

    a media receiver to—

provide a unique identifier of the media receiver to a computing device, wherein each of the computing device and the media receiver are in communication with the server;

based on the provided unique identifier, receive a set of messages from the computing device, the received set of messages referencing a piece of content associated with a first media playing element of a plurality of media playing elements, and including a set of commands converted from a universal format defined by the computing device to a first format that corresponds to the first media playing element;

select the first media playing element from the plurality of media playing elements based at least in part on the received message; and

control how the selected first media playing element plays the referenced piece of content based on at least one command of the converted set of commands included in the received set of messages.

9.  (Original) The computerized system of claim 8, wherein the set of commands in the universal format is included in the set of messages communicated from the computing device.

10. (Original) The computerized system of claim 9, wherein the converted set of commands in the first format is included in the received set of messages.

Application No. 16/917,095  
Response Filed 10/28/2020  
Reply to Office Action of: 09/03/2020  
Attorney Docket No. 41197.280029

11. (Original) The computerized system of claim 8, wherein the computerized system is configured to convert the set of commands from the universal format to the first format based on the piece of content being associated with the first media playing element.

12. (Original) The computerized system of claim 8, wherein the unique identifier includes one of an IP address, a MAC address, a web cookie, a browser cookie, a QR code, a RFID code, a text, or a unique synchronization code.

13. (Original) The computerized system of claim 8, wherein the converted set of commands includes programming code associated with the first media playing element.

14. (Original) The computerized system of claim 8, wherein the set of commands converted to the first format is recognizable to the first media playing element.

15. (Original) The computerized system of claim 8, wherein each media playing element of the plurality of media playing elements is operable to play and/or control a corresponding type of media.

16. (Original) The computerized system of claim 8, wherein the set of messages is received from the computing device based further on each of the computing device and the media receiver being in communication with the server.

Application No. 16/917,095  
Response Filed 10/28/2020  
Reply to Office Action of: 09/03/2020  

Attorney Docket No. 41197.280029

17. (Original) A computer-implemented method for controlling playback of various types of content, comprising:

    providing, by a media receiver, a unique identifier of the media receiver to a computing device in communication with a server system;

    based on the provided unique identifier, receiving, by the media receiver via the server system, a set of messages from the computing device, the received set of messages referencing a piece of content associated with a first media playing element of a plurality of media playing elements, and including a set of commands converted from a universal format defined by the computing device to a first format that corresponds to the first media playing element;

    selecting, by the media receiver, the first media playing element from the plurality of media playing elements based at least in part on the received message; and

    controlling, by the media receiver, how the selected first media playing element plays the referenced piece of content based on at least one command of the converted set of commands included in the received set of messages.

18. (Original) The method of claim 17, wherein the media receiver is coupled to a display, and the media receiver controls how the selected first media playing element plays the referenced piece of content via the display.

19. (Original) The method of claim 17, wherein the server system is configured to convert the set of commands from the universal format to the first format based on the piece of content being associated with the first media playing element.

Application No. 16/917,095
Response Filed 10/28/2020
Reply to Office Action of: 09/03/2020

Attorney Docket No. 41197.280029

20. (Original) The method of claim 17, wherein the set of commands in the universal format is included in the set of messages communicated from the computing device to the server system.

Application No. 16/917,095
Response Filed 10/28/2020
Reply to Office Action of: 09/03/2020

Attorney Docket No. 41197.280029

## REMARKS

Applicant respectfully requests reconsideration of the present application.

### Rejections based on 35 U.S.C. § 102

Claims 1, 5, 8, 12, 15 and 16 are rejected under 35 U.S.C. § 102(a)(2) as being anticipated by U.S. Publication No. 2009/0172780 A1 to Sukeda, et al., (hereinafter "Sukeda"). Applicant traverses the rejection for these reasons:

- The Office cites Sukeda as purportedly describing each and every element of the claimed invention. Of the several assertions made in the Office Action, one of the assertions interprets a "first media playing element from a plurality of media playing elements" from the claimed invention as "an individual content [] selected from the list," as described in Sukeda. *See* Office Action, p. 4.

- However, the Office changes its interpretation of "first media playing element" in relation to the last claimed feature of claim 1, specifically "**controlling how the selected first media playing element** *plays the referenced piece of content…*" Inconsistent with its initial interpretation of "first media playing element," the Office now interprets "referenced piece of content" with its plain meaning, while inconsistently interpreting "first media playing element" as "the operation terminal."

- For at least these reasons, Sukeda does not describe each and every feature recited in the independent claims.

**Rejections based on 35 U.S.C. § 103**

Claims 2-4, 6, 7, 9-11, 13, 14 and 17-20 were rejected under 35 U.S.C. § 103(a) as being unpatentable over U.S. Publication No. 2009/0172780 A1 to Sukeda, et al., (hereinafter "Sukeda"), in view of U.S. Publication No. 2009/0248802 A1 to Mahajan, et al., (hereinafter "Mahajan").

- Applicant submits that Mahajan fails to cure the deficiencies of Sukeda because Mahajan fails to teach each and every feature recited in the claims.

- At best, Mahaja notes that "media or media files can be stored according to different formats…" and that "[p]rocessing the media files can be accomplished by *a media player* that employs one or more media platforms configured to handle the format of the media file." This is not the same as:

    receiving a set of messages from the other computing device based on the provided unique identifier, the received set of messages referencing *a piece of content associated with a first media playing element of a plurality of media playing elements*, and including a set of commands that corresponds to the first media playing element;

    *selecting the first media playing element from the plurality of media playing elements* based at least in part on the received message; and

    *controlling how the selected first media playing element plays the referenced piece of content* based on at least one command of the set of commands included in the received set of messages.

- Mahaja also fails to teach *selecting the first media playing element from the plurality of media playing elements* based at least in part on the received

Application No. 16/917,095  
Response Filed 10/28/2020  
Reply to Office Action of: 09/03/2020  

Attorney Docket No. 41197.280029

message, and ***controlling how the selected first media playing element plays the referenced piece of content*** based on at least one command of the set of commands included in the received set of messages. At best, Mahaja speaks of an "abstraction functionality allowing media operations to be effectively conveyed in a collaboration session between server and client." *See* ¶[0013].

Application No. 16/917,095  
Response Filed 10/28/2020  
Reply to Office Action of: 09/03/2020

Attorney Docket No. 41197.280029

## CONCLUSION

For at least the reasons stated above, claims 1-20 are now in condition for allowance. Applicants respectfully request withdrawal of the pending rejections and allowance of the claims. If any issues remain that would prevent issuance of this application, the Examiner is urged to contact the undersigned – 816-474-6550 or kbae@shb.com (such communication via email is herein expressly granted) – to resolve the same. It is believed that all fees due have been paid, however, the Commissioner is hereby authorized to charge any amount required to Deposit Account No. 19-2112, with reference to Attorney Docket No. 41197.280029.

Respectfully submitted,

/KEITH J. BAE/

Keith J. Bae  
Reg. No. 64,633

KJBY/jc  
SHOOK, HARDY & BACON L.L.P.  
2555 Grand Blvd.  
Kansas City, MO  64108-2613  
816-474-6550 Telephone  
816-421-5547 Fax

Doc Code: M865 or FAI.REQ.INTV

PTOL-413A (07-16)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

## Applicant Initiated Interview Request Form

Application No.: 16/917,095
First Named Applicant: David Strober
Examiner: Darrin Hope
Art Unit: 2173
Status of Application: Pending

**Tentative Participants:**
(1) Keith J. Bae
(2) Examiner Hope
(3)
(4)

Proposed Date of Interview: 10 November 2020
Proposed Time: 3:00 EST     ( ○AM ●PM )

**Type of Interview Requested:**
(1) ☑ Telephonic     (2) ☐ Personal     (3) ☐ Video Conference

**Exhibit To Be Shown or Demonstrated:** ☐ YES    ☑ NO
If yes, provide brief description: _____

### Issues To Be Discussed

| Issues (Rej., Obj., etc) | Claims/ Fig. #s | Prior Art | Discussed | Agreed | Not Agreed |
|---|---|---|---|---|---|
| (1) 102(a)(2) | 1, 5, 8, 12, 15 and 16 | Sukeda | ☐ | ☐ | ☐ |
| (2) 103(a) | 2-4, 6, 7, 9-11, 13, 14 a | Mahajan | ☐ | ☐ | ☐ |
| (3) | | | ☐ | ☐ | ☐ |
| (4) | | | ☐ | ☐ | ☐ |

☐ Continuation Sheet Attached     ☑ Proposed Amendment or Arguments Attached

**Brief Description of Arguments to be Presented:** _____

An interview was conducted on the above-identified application on _____

**NOTE:** This form should be completed and filed by applicant in advance of the interview (see MPEP § 713.01). If this form is signed by a registered practitioner not of record, the Office will accept this as an indication that he or she is authorized to conduct an interview on behalf of the principal (37 CFR 1.32(a)(3)) pursuant to 37 CFR 1.34. This is not a power of attorney to any above named practitioner. See the Instruction Sheet for this form, which is incorporated by reference. By signing this form, applicant or practitioner is certifying that he or she has read the Instruction Sheet. After the interview is conducted, applicant is advised to file a statement of the substance of this interview (37 CFR 1.133(b)) as soon as possible. This application will not be delayed from issue because of applicant's failure to submit a written record of this interview.

/KEITH J. BAE/
Applicant/Applicant's Representative Signature

Examiner/SPE Signature

Keith J. Bae
Typed/Printed Name of Applicant or Representative

816-474-6550
Applicant's/Applicant's Representative's Telephone Number

64,633
Registration Number, if applicable

This collection of information is required by 37 CFR 1.133. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 24 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*