# EXHIBIT 7

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : 16/917,095 | Confirmation No. | 6770 |
| First Inventor | : David Strober | | |
| Applicant | : Touchstream Technologies, Inc. | | |
| Filed | : 06/30/2020 | | |
| Title | : PLAY CONTROL OF CONTENT ON A DISPLAY DEVICE | | |
| Group Art Unit | : 2173 | | |
| Examiner | : Darrin Hope | | |
| Atty Docket No. | : 41197.280029 | | |
| Customer No. | : 149550 | | |

**VIA EFS-WEB – March 3rd, 2021**

Mail Stop Amendment
Commissioner for Patents
P. O. Box 1450
Alexandria, VA  22313-1450

<b>RESPONSE TO FIRST ACTION INTERVIEW</b>

It is hereby requested that the time period for responding to the Office Action mailed December 10, 2020, be extended for one (1) month. The appropriate extension fee of $220.00 under 37 C.F.R. § 1.17(a)(1) is submitted herewith. In response to the Non Final Office Action, please amend the above-identified application as follows:

**Amendments to the Claims:** begin on page 2 of this paper.

**Summary of Examiner Interview:** begins on page 8 of this paper.

**Remarks:** begin on page 9 of this paper.

Application No. 16/917,095
Response Filed 03/03/2021
Reply to Office Action of: 12/10/2020

Attorney Docket No. 41197.280029

# AMENDMENTS TO THE CLAIMS:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (Currently Amended) A non-transitory computer storage medium storing computer-useable instructions that, when used by a computing device, cause the computing device to perform operations comprising:

   providing a unique identifier of the computing device to another computing device;

   receiving a set of messages from the other computing device based on the provided unique identifier, the received set of messages referencing a piece of content associated with a first media playing ~~element~~ application of a plurality of media playing ~~elements~~ applications, and including a set of commands that corresponds to the first media playing ~~element~~ application;

   selecting the first media playing ~~element~~ application from the plurality of media playing ~~elements~~ applications based at least in part on the received message; and

   controlling how the selected first media playing ~~element~~ application plays the referenced piece of content based on at least one command of the set of commands included in the received set of messages.

2. (Original) The medium of claim 1, wherein the set of commands included in the received set of messages is recognizable by the first media playing element.

4828-6913-6852 v4

Application No. 16/917,095    Attorney Docket No. 41197.280029
Response Filed 03/03/2021
Reply to Office Action of: 12/10/2020

3. (Currently Amended) The medium of claim 2, wherein the set of commands is converted via an API adapter to be recognizable by the first media playing element, the set of commands being converted based on a determination that the first media playing ~~element~~ application is associated with the referenced piece of content.

4. (Original) The medium of claim 1, wherein the set of commands is defined in a universal format and converted to a particular format recognizable by the first media playing element.

5. (Original) The medium of claim 1, wherein the unique identifier includes one of an IP address, a MAC address, a web cookie, a browser cookie, a QR code, a RFID code, a text, or a synchronization code.

6. (Original) The medium of claim 1, wherein the received set of commands includes programming code associated with the first media playing element.

7. (Currently Amended) The medium of claim 1, wherein each media playing ~~element~~ application of the plurality of media playing ~~elements~~ applications is operable to play and/or control a corresponding type of media.

8. (Currently Amended) A computerized system comprising:
   a server; and

Application No. 16/917,095  
Response Filed 03/03/2021  
Reply to Office Action of: 12/10/2020  
Attorney Docket No. 41197.280029

a media receiver to—

provide a unique identifier of the media receiver to a computing device, wherein each of the computing device and the media receiver are in communication with the server;

based on the provided unique identifier, receive a set of messages from the computing device, the received set of messages referencing a piece of content associated with a first media playing ~~element~~ application of a plurality of media playing ~~elements~~ applications, and including a set of commands converted from a universal format defined by the computing device to a first format that corresponds to the first media playing element;

select the first media playing ~~element~~ application from the plurality of media playing ~~elements~~ applications based at least in part on the received message; and

control how the selected first media playing ~~element~~ application plays the referenced piece of content based on at least one command of the converted set of commands included in the received set of messages.

9. (Original) The computerized system of claim 8, wherein the set of commands in the universal format is included in the set of messages communicated from the computing device.

10. (Original) The computerized system of claim 9, wherein the converted set of commands in the first format is included in the received set of messages.

Application No. 16/917,095 — Attorney Docket No. 41197.280029
Response Filed 03/03/2021
Reply to Office Action of: 12/10/2020

11.  (Original) The computerized system of claim 8, wherein the computerized system is configured to convert the set of commands from the universal format to the first format based on the piece of content being associated with the first media playing element.

12.  (Original) The computerized system of claim 8, wherein the unique identifier includes one of an IP address, a MAC address, a web cookie, a browser cookie, a QR code, a RFID code, a text, or a unique synchronization code.

13.  (Original) The computerized system of claim 8, wherein the converted set of commands includes programming code associated with the first media playing element.

14.  (Original) The computerized system of claim 8, wherein the set of commands converted to the first format is recognizable to the first media playing element.

15.  (Currently Amended) The computerized system of claim 8, wherein each media playing ~~element~~ application of the plurality of media playing ~~elements~~ applications is operable to play and/or control a corresponding type of media.

16.  (Original) The computerized system of claim 8, wherein the set of messages is received from the computing device based further on each of the computing device and the media receiver being in communication with the server.

Application No. 16/917,095  
Response Filed 03/03/2021  
Reply to Office Action of: 12/10/2020

Attorney Docket No. 41197.280029

17. (Currently Amended) A computer-implemented method for controlling playback of various types of content, comprising:

    providing, by a media receiver, a unique identifier of the media receiver to a computing device in communication with a server system;

    based on the provided unique identifier, receiving, by the media receiver via the server system, a set of messages from the computing device, the received set of messages referencing a piece of content associated with a first media playing ~~element~~ application of a plurality of media playing ~~elements~~ applications, and including a set of commands converted from a universal format defined by the computing device to a first format that corresponds to the first media playing element;

    selecting, by the media receiver, the first media playing ~~element~~ application from the plurality of media playing ~~elements~~ applications based at least in part on the received message; and

    controlling, by the media receiver, how the selected first media playing ~~element~~ application plays the referenced piece of content based on at least one command of the converted set of commands included in the received set of messages.

18. (Currently Amended) The method of claim 17, wherein the media receiver is coupled to a display, and the media receiver controls how the selected first media playing ~~element~~ application plays the referenced piece of content via the display.

19. (Original) The method of claim 17, wherein the server system is configured to convert the set of commands from the universal format to the first format based on the piece of content being associated with the first media playing element.

Application No. 16/917,095  
Response Filed 03/03/2021  
Reply to Office Action of: 12/10/2020

Attorney Docket No. 41197.280029

20.     (Original) The method of claim 17, wherein the set of commands in the universal format is included in the set of messages communicated from the computing device to the server system.

Application No. 16/917,095  
Response Filed 03/03/2021  
Reply to Office Action of: 12/10/2020

Attorney Docket No. 41197.280029

## SUMMARY OF EXAMINER INTERVIEW

Applicants would like to thank the Examiner for granting an interview on November 12, 2020. During the interview, Applicant discussed the claimed invention and argued interpretations relating to "media playing element(s)." The Examiner suggested clarification relating to this phrasing, which has been addressed in the subject response. Applicant thanks examiner for his time.

Application No. 16/917,095            Attorney Docket No. 41197.280029
Response Filed 03/03/2021
Reply to Office Action of: 12/10/2020

# REMARKS

The Non-Final Office Action mailed December 10, 2020 has been received and reviewed. Prior to the present communication, claims were pending and claims stand rejected. Each of Claim(s) 1, 3, 7-8, 15, and 17-18 has been amended herein. Reconsideration of the subject application is respectfully requested in view of the amendments and the following remarks.

## Rejections based on 35 U.S.C. § 102

Claims 1, 5, 8, 12, 15 and 16 were rejected under 35 U.S.C. § 102(a)(2) as ostensibly being anticipated by U.S. Publication No. 2009/0172780 A1 to Sukeda et al. (hereinafter "Sukeda"). As the asserted reference fails to describe, expressly or inherently, each and every element recited in the rejected claim(s), Applicant respectfully traverses the rejection, as hereinafter set forth.

Applicant submits that Sukeda fails to describe, among other things, "…the received set of messages referencing a piece of content associated with a first media playing *application* of a plurality of media playing *applications*, and including a set of commands that corresponds to the first media playing *application*" and "selecting the first media playing *application* from the plurality of media playing *applications* based at least in part on the received message" as similarly recited in amended independent claims 1, 8, and 15.

In the Office Action mailed December 10, 2020, the Office interprets the previously recited claim language of "media playing element" as "data" (e.g., data 113 as shown in Fig. 3; paragraph [0050]), which includes "an ID 181 of the display terminal and information such as a displayed state 182, a volume 183, a date and time of update 184, etc., and defines the playback status and volume of each display terminal." *See* Office Action, pp. 3-4. The Office further asserts that the step of selecting "the first media playing element from the plurality of media playing

Page 9 of 14

4828-6913-6852 v4

Application No. 16/917,095
Response Filed 03/03/2021
Reply to Office Action of: 12/10/2020

Attorney Docket No. 41197.280029

elements" is described in Sudeka by referencing step 318 as shown in Fig. 5 and paragraph [0053], reciting "…when the *list of contents* is browsed on the operation terminal (317) and an individual content is selected from the list (318), the server updates the latest display contents 112, and displays a thumbnail image, details contents information, or the like on a screen of the operation terminal (319)." *See* Office Action, p. 4.

As amended, for instance, independent claim 1 recites "…the received set of messages referencing a piece of content associated with a first media playing **application** of a plurality of media playing **applications**, and including a set of commands that corresponds to the first media playing **application**." Amended independent claim 1 further recites "selecting the first media playing **application** from the plurality of media playing **applications** based at least in part on the received message." Sudeka does not describe these features. At best, Sudeka describes "data" that includes "information, such as *a display mode* 161 whether to display a single *content* or a list display, an *ID 162 of the display terminal*, an *ID (or arrangement) 163 of the contents* to be displayed, a *search condition and keyword* 164 inputted from the operation terminal (when needed), and a *date and time* of update 165." Sudeka further references "metadata" that can include "a *reference 175 to a content body* 177 and variety of *information related to the content*." *See* Office Action, p. 3. Applicant submits that, among these definitions of "data" included in Sudeka, none of a display mode, ID of terminal, ID of content(s), search condition, keyword, or date and time, describe "a first media playing application of a plurality of media playing applications." Applicant also submits that, among the definitions of "metadata" according to Sudeka, none of a reference to a content body or information related to the content" describes "a first media playing application of a plurality of media playing applications." Moreover, even if somehow the Office were to interpret the inequivalent language of Sudeka to describe "a first media playing application

Application No. 16/917,095  
Response Filed 03/03/2021  
Reply to Office Action of: 12/10/2020  
Attorney Docket No. 41197.280029

of a plurality of media playing applications," Applicant submits that Sudeka does not describe "selecting the first media playing application from the plurality of media playing applications based at least in part on the received message." Instead, the Office asserts that Sudeka purportedly describes a selection of "an individual content" from a "list of contents … browsed on the operation terminal (317)," which causes a server update to "the latest display contents" and "display a thumbnail image, detailed contents information, or the like on a screen of the operation terminal." Applicatn submits that Sudeka's *selection* is clearly not "selecting the first media playing application from the plurality of media playing applications based at least in part on the received message."

      For at least the reasons as detailed hereinabove for the similar features of amended independent claim(s) 1, 8, and 15, Applicant respectfully requests that the rejection to the independent claims be withdrawn. As claims 5, 12, and 16 depend directly or indirectly from the amended independent claims, Applicant respectfully requests that the rejection to dependent claims 5, 12, and 16 be withdrawn for the same reasons as the amended independent claims from which they depend, and for the additional features recited therein. Accordingly, withdrawal of the rejections of claims 5, 12, and 16 is respectfully requested as well, for at least the above-cited reasons. Claims 1, 5, 8, 12, 15 and 16 are believed to be in condition for allowance and such favorable action is respectfully requested.

**Rejections based on 35 U.S.C. § 103**

      Claims 2-4, 6, 7, 9-11, 13, 14 and 17-20 were rejected under 35 U.S.C. § 103 as ostensibly being unpatentable over U.S. Publication No. 2009/0172780 A1 to Sukeda et al. (hereinafter "Sukeda"), in view of U.S. Publication No. 2009/0248802 A1 to Mahajan et al.

Application No. 16/917,095 Attorney Docket No. 41197.280029
Response Filed 03/03/2021
Reply to Office Action of: 12/10/2020

(hereinafter "Mahajan"). As the cited references, both alone or in combination, fail to teach or suggest all of the features of the independent claim(s) as amended, Applicant respectfully traverses this rejection, as hereinafter set forth.

As noted above, Sukeda fails to describe or teach, among other things, "…the received set of messages referencing a piece of content associated with a first media playing *application* of a plurality of media playing *applications*, and including a set of commands that corresponds to the first media playing *application*" and "selecting the first media playing *application* from the plurality of media playing *applications* based at least in part on the received message" as similarly recited in amended independent claims 1, 8, and 15. Applicant submits that Mahajan fails to cure the deficiencies of Sukeda and thus the rejection to claims 2-4, 6, 7, 9-11, 13, 14 and 17-20 should be withdrawn for the same reasons as the independent claims from which they depend and for the additional features recited therein. In fact, Mahajan is silent in teaching "…the received set of messages referencing a piece of content associated with a first media playing *application* of a plurality of media playing *applications*, and including a set of commands that corresponds to the first media playing *application*" and "selecting the first media playing *application* from the plurality of media playing *applications* based at least in part on the received message" as similarly recited in amended independent claims 1, 8, and 15. At best, Mahajan discusses how "generic media playback commands can be sent to the client" and "client can convert the generic commands into commands that are specific to a platform supported by the client." *See* Mahajan, ¶[0014]. Mahajan further discusses how a "collaboration media abstraction layer 130 can abstract or genericize the media playback commands specific to media platform 122" and thus "the genericized media playback commands can then be translated into media playback commands specific to the client's media platform 126." Applicant submits that Mahajan's

Page 12 of 14

4828-6913-6852 v4

Application No. 16/917,095
Response Filed 03/03/2021
Reply to Office Action of: 12/10/2020

Attorney Docket No. 41197.280029

translations for playback commands are being performed based on a "client's media platform" as opposed to "…the received set of messages referencing *a piece of content associated with a first media playing application* of a plurality of media playing applications, and *including a set of commands that corresponds to the first media playing application*" and "*selecting the first media playing application from the plurality of media playing applications based at least in part on the received message*." Instead, Mahajan discusses genericizing media playback commands and translating them "specific to the client's media platform," which is not "…the received set of messages referencing *a piece of content associated with a first media playing application* of a plurality of media playing applications, and *including a set of commands that corresponds to the first media playing application*" and "*selecting the first media playing application from the plurality of media playing applications based at least in part on the received message*." There is, in fact, no selection of a media playing application according to Mahajan, but instead a mere translation of genericized commands to a media platform specific to a client. *See* Mahajan, ¶[0022].

       As the applied references, both alone and in combination, do not teach or suggest all features of amended independent claims 1, 8, and 15, Applicant respectfully requests that the 35 U.S.C. § 103(a) rejection be withdrawn. As claims 2-4, 6, 7, 9-11, 13, 14 and 17-20 depend directly or indirectly from amended independent claim(s) 1, 8, and 15, respectively, Applicant respectfully requests that the 35 U.S.C. § 103(a) rejection to claims 2-4, 6, 7, 9-11, 13, 14 and 17-20 be withdrawn for the same reasons as the amended independent claim(s) from which they depend, and for the additional features recited therein.

Application No. 16/917,095  
Response Filed 03/03/2021  
Reply to Office Action of: 12/10/2020

Attorney Docket No. 41197.280029

## CONCLUSION

For at least the reasons stated above, the pending claims are believed to be in condition for allowance. Applicant respectfully requests withdrawal of the pending rejections and allowance of the claims. If any issues remain that would prevent issuance of this application, the Examiner is urged to contact the undersigned – 816-474-6550 or kbae@shb.com (such communication via email is herein expressly granted) – to resolve the same. It is believed that all fees due have been paid. However, if this belief is in error, the Commissioner is hereby authorized to charge any amount required to Deposit Account No. 19-2112, with reference to Attorney Docket No. 41197.280029.

Respectfully submitted,

/Keith J. Bae/

Keith J. Bae  
Reg. No. 64,633

KJBY/jc  
SHOOK, HARDY & BACON L.L.P.  
2555 Grand Blvd.  
Kansas City, MO  64108-2613  
816-474-6550 Telephone  
816-421-5547 Fax

Page 14 of 14

4828-6913-6852 v4