THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., et al., <br><br> Defendants. | § § § § § § § § § |
| TOUCHSTREAM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CABLE COMMUNICATIONS, LLC, d/b/a XFINITY, et al., <br><br> Defendants. | § § § § § § § § § § § § Lead Case No. 2:23-cv-00059-JRG <br> Member Case No. 2:23-cv-00062-JRG |

**COMCAST'S REPLY IN SUPPORT OF ITS MOTION TO
STRIKE THE OPINIONS OF DR. RUSSELL W. MANGUM III**

## TABLE OF CONTENTS

PAGE

I. Dr. Mangum Fails to Reasonably Approximate the Use of the Claimed Methods ............ 1

II. Dr. Mangum Does Not Adjust the ▮▮▮▮▮▮ Rate ................................................................ 4

III. Dr. Mangum Uses an Improper Hypothetical Negotiation Date ........................................ 5

IV. Dr. Mangum's References to *Google* Are Irrelevant and Unfairly Prejudicial ................... 5

## TABLE OF AUTHORITIES

PAGE

**Cases**

*Acceleration Bay LLC v. Activision Blizzard Inc.*,
 2019 WL 4194060 (D. Del. Sept. 4, 2019) .................................................................................. 4

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
 694 F.3d 1312 (Fed. Cir. 2012) ................................................................................................. 4

*Apple Inc. v. Wi-LAN Inc.*,
 25 F.4th 960 (Fed. Cir. 2022) .................................................................................................... 4

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
 890 F. Supp. 2d 602 (W.D. Pa. 2012) ........................................................................................ 3

*Cassidian Commc'ns, Inc. v. Microdata GIS, Inc.*,
 2013 WL 11322510, (E.D. Tex. Dec. 3, 2013) ........................................................................... 5

*EcoFactor, Inc. v. Google LLC*,
 104 F.4th 243 (Fed. Cir. 2024) .................................................................................................. 5

*Ericsson, Inc. v. D-Link Sys., Inc.*,
 773 F.3d 1201 (Fed. Cir. 2014) ................................................................................................. 4

*Hanson v. Alpine Valley Ski Area, Inc.*,
 718 F.2d 1075 (Fed. Cir. 1983) ................................................................................................. 3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
 694 F.3d 51 (Fed. Cir. 2012) ..................................................................................................... 5

*Lucent Techs., Inc. v. Gateway, Inc.*,
 580 F.3d 1301 (Fed. Cir. 2009) ................................................................................................. 2

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*,
 30 F.4th 1339 (Fed. Cir. 2022) ............................................................................................. 1, 2

*Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*,
 2021 WL 982732 (D. Del. Mar. 16, 2021) ............................................................................ 3, 5

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
 760 F. App'x 977 (Fed. Cir. 2019) ............................................................................................ 5

*SSL Servs., LLC v. Citrix Sys., Inc.*,
 769 F.3d 1073 (Fed. Cir. 2014) ................................................................................................. 4

*Trading Techs. Int'l, Inc. v. IBG LLC*,
    2021 WL 5038754 (N.D. Ill. July 23, 2021) .............................................................................. 3

*Virnetx, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014) ............................................................................................... 4

**TABLE OF EXHIBITS**

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| Ex. 20 | Excerpt of the Expert Report of Stephen L. Becker, Ph.D., served in this case and dated July 15, 2024 |

Touchstream cannot overcome Dr. Mangum's fallacy in assuming that all Comcast X1 STBs are "capable" of infringing and therefore represent an appropriate damages base. For that and other reasons below, Dr. Mangum's opinions should be excluded.[1]

## I. Dr. Mangum Fails to Reasonably Approximate the Use of the Claimed Methods

Dr. Mangum makes no attempt to approximate or correlate his damages to the extent of use of the allegedly infringing methods as he was required to do under controlling authority. *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1357 (Fed. Cir. 2022). Indeed, he ***refuses*** to consider such use at all.[2] Ex. 1 ¶ 159; Ex. 11 at 76:2-78:12.

Dr. Mangum's core assumption is that "[t]he applicable set top boxes are those that are ***capable*** of performing the accused methods and that are in the households of subscribers with access to Defendant's application accused of playing a role in those methods." Ex. 1 ¶ 10 (emphasis added). However, a Comcast X1 STB is not capable of performing the accused methods (or otherwise being involved in any infringement) unless the subscriber has separately downloaded and installed the Xfinity TV Remote mobile application. *See* Dkt. No. 122 at 4-5 (Touchstream conceding that a Comcast X1 STB, standing alone, is not capable of infringement). And there is still no alleged infringement unless the subscriber further uses the Xfinity TV Remote mobile application to send an accused remote-tune request to the STB. *See* Opp. at 2 ("Touchstream alleges that Comcast infringes on the patents-at-issue when the X1 platform displays content on a secondary screen upon receiving a request from a subscriber's

---

[1] Defined terms carry the same meaning as in Comcast's Motion (Dkt. No. 83), and "Ex. __" refers to the exhibits attached to that Motion unless otherwise specified.

[2] Touchstream asserts that Dr. Mangum "consider[ed]" usage because he listed one document in his list of materials considered. Opp. at 5. But the law requires more than simply listing a document—it requires incorporating such information into the analysis in some way.

mobile device."). The Opposition does not dispute that only a fraction of X1 subscribers used the application in any given month.³ Mot. at 5-6. Thus, there is no dispute that Dr. Mangum includes in his royalty base for each month ▓▓▓▓ X1 STBs that *never* participated in any alleged infringement. *See* Ex. 1 ¶ 10.

The Opposition suggests that Dr. Mangum opined that, in agreeing to the ▓▓▓ software license, "Touchstream would consider the *expectation* and *potential* of the counterparty's use of the technology." Opp. at 4 (quoting Opp. Ex. A ¶ 120) (emphasis added). But the rest of that very sentence in Dr. Mangum's report makes clear that he is not referring to use of the patented methods but rather the "potential for ▓▓▓ to . . . *deploy*[]" the technology in hotel rooms. Opp. Ex. A ¶ 120 (emphasis added). He concedes that the ▓▓▓ license was *not* based on use. Opp. at 3 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (citing Ex. 1 ¶ 158) (emphasis added)). Comcast's Motion explained why a flat rate for every room in which licensed software is deployed provides no basis to disregard the extent of use of the methods claimed here, especially where the STBs to which it is applied cannot be involved in any infringement without the further downloading of a mobile application that Dr. Mangum did not consider. Mot. at 10.

Touchstream's attempts to avoid controlling authority are unavailing. *See* Opp. at 5-7. The Federal Circuit instructs that method-claim damages "ought to be correlated, in some respect, to the extent the infringing method is used by customers." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1334 (Fed. Cir. 2009); *see also Niazi*, 30 F.4th at 1357.

---

³ Touchstream's claim that Comcast's usage data "appears unreliable," Opp. at 9-10, is pure attorney argument. Dr. Mangum never provided any opinions to that effect.

2

The *Hanson* case on which the Opposition relies stands for the same principle: there, the Federal Circuit permitted a reasonable royalty based on "the estimated cost savings resulting from [defendant's] *use* of the infringing [snowmaking] machines." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1080 (Fed. Cir. 1983) (emphasis added). Moreover, unlike with Comcast's X1 STBs, there were no non-infringing uses of the machines and thus no need to carve out devices that were never used to infringe. *See id.* at 1080-81.

Touchstream attempts to distinguish Comcast's other cited cases on the ground that they involved the exclusion of an underlying theory of infringement and that the damages expert had no analysis to support the requested damages award on the remaining infringement theories. Opp. at 8. But that is analogous to the case here: Dr. Mangum assumed that every X1 STB capable of receiving an accused remote-tune request infringes the asserted claims—a mistaken theory that Touchstream itself has disavowed. *See* Dkt. No. 122 at 3-5.

Finally, Touchstream's Opposition relies on three cases that had no occasion to consider the Federal Circuit's 2022 decision in *Niazi* and, in any event, have no bearing on the present dispute. *See* Opp. at 7. In *Carnegie Mellon*, the court declined to exclude the defendant's sales from the royalty base because the defendant "**conceded** that its infringing use is the but-for cause of [such] sales." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 890 F. Supp. 2d 602, 609-10 (W.D. Pa. 2012) (emphasis added). Neither of the other two cases involved the wholesale inclusion of products that cannot be used to infringe without the downloading of another component (here, the Xfinity TV Remote mobile application). *See Trading Techs. Int'l, Inc. v. IBG LLC*, 2021 WL 5038754, at *1-2 (N.D. Ill. July 23, 2021) ("[e]very copy" of program included accused functionality); *Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*, 2021 WL 982732, at *12, 14 (D. Del. Mar. 16, 2021) (all subscribers could make infringing calls).

### II. Dr. Mangum Does Not Adjust the ▮▮▮▮ Rate

Dr. Mangum did not make *any* adjustment to the ▮▮▮▮ license fee to account for the admitted differences between the ▮▮▮▮ agreement and the hypothetical license here. *See* Opp. at 10-13. And although the Opposition claims that Dr. Mangum explained why no apportionment was required, *id.* at 12-13, he actually *refused* to consider many differences. *See, e.g.*, Ex. 1 ¶ 131 (opining that there is "no need for comparison of the ▮▮▮▮ product and Defendant's product"); *see also* Mot. at 11-13. Dr. Mangum's complete failure to apportion out any of the ▮▮▮▮ product's unpatented features renders his opinions unreliable and requires exclusion.[4] *See, e.g., Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 971 (Fed. Cir. 2022).

Nor does the Opposition's cited authority permit Dr. Mangum to present his unapportioned damages model to the jury. Five of its cases address comparability of licenses and do not even consider an expert's apportionment of unpatented features from a license fee. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1228 n.4 (Fed. Cir. 2014); *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1093 (Fed. Cir. 2014); *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012); *Acceleration Bay LLC v. Activision Blizzard Inc.*, 2019 WL 4194060, at *5-6 (D. Del. Sept. 4, 2019). In two cases, the expert determined that a patent license fee was for the patented technology, whereas the Quadriga software license here included various unpatented features and unasserted claims expressly not analyzed by Dr. Mangum. *See*

---

[4] Touchstream's claim that there is no "expert analysis" showing that the ▮▮▮▮ license covered unasserted patents and claims is both factually wrong and ignores that Touchstream itself asserted that the license covers two patents not at issue here in the *Google* case. Opp. at 12 n.7; *see* Ex. 20 to the Reply Declaration of James Y. Park (Becker Rpt.) ¶ 387; Ex. 17 at 623:8-624:22. Dr. Mangum's opinion that such unasserted patents would have been provided "at no extra charge" is unreasonable and must be rejected. *Apple*, 25 F.4th at 972-73.

4

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 760 F. App'x 977, 983-84 (Fed. Cir. 2019); *Charter*, 2021 WL 982732, at *14.  Finally, in one case, the expert opined that the "royalty rate should be ***decreased***" because the licenses at issue included unasserted patents. *EcoFactor, Inc. v. Google LLC*, 104 F.4th 243, 255 (Fed. Cir. 2024) (emphasis added).

### III.   Dr. Mangum Uses an Improper Hypothetical Negotiation Date

Touchstream's infringement analysis is limited to the period after February 2017, and Dr. Mangum was therefore required to consider a hypothetical negotiation at that time.  *See, e.g.*, *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012).  Touchstream's new claim that 2013 is "the start of infringement," Opp. at 13, is unsupported by any evidence.[5] *See* Opp. at 13-14.  And whether the incorrect date used by the expert is earlier or later than it should be is of no moment—any changed circumstances before *or* after the correct date may change the damages analysis.  *See* Opp. at 14-15; *Cassidian Commc'ns, Inc. v. Microdata GIS, Inc.*, 2013 WL 11322510, at *2 (E.D. Tex. Dec. 3, 2013) (Gilstrap, C.J.).

### IV.   Dr. Mangum's References to *Google* Are Irrelevant and Unfairly Prejudicial

The Court's Standing MIL No. 13 prohibits reference to "either party's other litigations" such as *Google* because it is unfairly prejudicial and would invite the jury to defer to the previous verdict.  Mot. at 14.  Touchstream nonetheless asserts that *Google* is relevant to post-suit willfulness.  Opp. at 15.  It is not, but, in any event, Dr. Mangum is a damages expert and does not offer any opinions on willful infringement.  Comcast will not open the door on *Google*, and the Court should thus strike Dr. Mangum's opinions relating to that case.

---

[5] Despite Touchstream's assertion, Comcast's technical expert did ***not*** concede that there were "no significant changes to the X1 platform" from 2012 to 2017.  *See* Opp. at 13-14; Opp. Ex. J at 180:5-184:6.  Nor did Comcast limit discovery regarding infringement to 2017 forward; Touchstream cites to Comcast's response to a single interrogatory seeking certain financial information.  *See* Opp. at 14; Opp. Ex. K at 11-14.

5

| | |
|---|---|
| Dated: August 28, 2024 | Respectfully submitted,<br><br>*/s/ David J. Lisson*<br>Deron Dacus (State Bar No. 00790553)<br>THE DACUS FIRM, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Tel:   (903) 705-1117<br>ddacus@dacusfirm.com<br><br>DAVIS POLK & WARDWELL LLP<br>Ashok Ramani (CA Bar No. 200020)<br>David J. Lisson (CA Bar No. 250994)<br>James Y. Park (CA Bar No. 343659)<br>Micayla Hardisty (CA Bar No. 333246)<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>ashok.ramani@davispolk.com<br>david.lisson@davispolk.com<br>james.park@davispolk.com<br>micayla.hardisty@davispolk.com<br><br>Alena Farber (NY Bar No. 5896170)<br>450 Lexington Avenue<br>New York, NY 10017<br>alena.farber@davispolk.com<br><br>*Counsel for Defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, and Comcast of Houston, LLC* |

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ David J. Lisson*
David J. Lisson

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024 true and correct copies of the foregoing were served upon the following as indicated:

| | | |
|---|---|---|
| SHOOK HARDY & BACON LLP<br>Robert H. Reckers<br>Andrew M. Long<br>600 Travis Street, Ste. 3400<br>Houston, TX 77002<br>rreckers@shb.com<br>amlong@shb.com | SHOOK HARDY & BACON LLP<br>Evan James Weidner<br>2555 Grand Boulevard<br>Kansas City, MO 64108<br>eweidner@shb.com<br><br>Samuel George Bernstein<br>111 South Wacker Dr., Ste 4700<br>Chicago, IL 60606<br>sbernstein@shb.com | ☒ Via Email<br>☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |

*Counsel for Plaintiff Touchstream Technologies, Inc.*

| | | |
|---|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Ryan Dykal<br>Philip A. Eckert<br>Jordan Bergsten<br>Mark Schafer<br>Anita Liu<br>1401 New York Avenue, NW<br>Washington, DC 20005<br>rdykal@bsfllp.com<br>peckert@bsfllp.com<br>jbergsten@bsfllp.com<br>mschafer@bsfllp.com<br>aliu@shb.com | BOIES SCHILLER FLEXNER LLP<br>John Michael Lyons<br>Sabina Mariella<br>Sophie Roytblat<br>55 Hudson Yards<br>New York, NY 10001<br>jlyons@bsfllp.com<br>smariella@bsfllp.com<br>sroyblat@bsfllp.com | ☒ Via Email<br>☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |

*Counsel for Plaintiff Touchstream Technologies, Inc.*

| | | |
|---|---|---|
| GILLIAM & SMITH LLP<br>Melissa Richards Smith<br>303 South Washington Avenue<br>Marshall, TX 75670<br>melissa@gillamsmithlaw.com | | ☒ Via Email<br>☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |

*Counsel for Plaintiff Touchstream Technologies, Inc.*

ARNOLD & PORTER KAYE SCHOLER LLP
Dina M. Hayes
70 West Madison Street, Suite 4200
Chicago, IL 60602
dina.hayes@arnoldporter.com

Daniel L. Reisner
David Benyacar
Elizabeth A. Long
Melissa Brown
Robert Stout
250 West 55th Street
New York, NY 10019
daniel.reisner@arnoldporter.com
david.benyacar@arnoldporter.com
elizabeth.long@arnoldporter.com
melissa.brown@arnoldporter.com
robert.stout@arnoldporter.com

Carson Anderson
3000 El Camino Real, Suite 500
Palo Alto, CA 94306
carson.anderson@arnoldporter.com

Marc A. Cohn
601 Massachusetts Avenue, NW
Washington, DC 20001
marc.cohn@arnoldporter.com

*Counsel for Charter Defendants*

☒ Via Email
☐ Via Overnight Courier
☐ Via Hand Delivery
☐ Via First Class Mail

THE DACUS FIRM, PC
Deron R. Dacus
821 ESE Loop 323, Suite 430
Tyler, TX 75701
ddacus@dacusfirm.com

*Counsel for Comcast and Charter Defendants*

☒ Via Email
☐ Via Overnight Courier
☐ Via Hand Delivery
☐ Via First Class Mail

/s/ Angela Quach
Angela Quach
Senior Litigation Paralegal

8