# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, et al., <br><br> *Defendants*. | Case No. 2:23-cv-00062-JRG |

**VERDICT FORM**[1]

In answering the following questions and completing this Verdict Form, you are to follow all the instructions that I have given you in the Court's Final Jury Instructions. Your answers to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

---

[1] Submissions that are agreed to by both Touchstream and Comcast are not highlighted. Submissions proposed by Touchstream that are not agreed to by Comcast are bracketed and highlighted in green. Submissions proposed by Comcast that are not agreed to by Touchstream are bracketed and highlighted in yellow. The parties have entered their objections, explanations, citations, and commentary in footnotes only.

The parties reserve their respective rights to further object or propose revisions to this verdict form based on their pending motions or further development at trial.

As used in this Verdict Form, the following terms have the following meanings:

- "**Touchstream**" refers to Plaintiff Touchstream Technologies, Inc.

- "**Comcast**" refers to Defendants Comcast Cable Communications, LLC, Comcast Corporation, Comcast Cable Communications Management, LLC, and Comcast of Houston, LLC

- The "**'251 Patent**" refers to U.S. Patent No. 8,356,251

- The "**'751 Patent**" refers to U.S. Patent No. 11,048,751

- The "**'934 Patent**" refers to U.S. Patent No. 11,086,934

- The "**Asserted Patents**" refers collectively to the '251 Patent, the '751 Patent, and the '934 Patent

- The "**Asserted Claims**" refers collectively to '251 Patent claims 1, 5, 7, 8, and 9; '751 Patent claims 12, 13, and 14; and '934 Patent claims 17, 18, 19 and 20

# **IT IS VERY IMPORTANT THAT YOU FOLLOW THE INSTRUCTIONS PROVIDED IN THIS VERDICT FORM**

# **READ THEM CAREFULLY AND ENSURE THAT YOUR VERDICT COMPLIES WITH THEM**

**QUESTION 1: INFRINGEMENT**

Has Touchstream proven by a preponderance of the evidence that Comcast infringed any of the following claims?

For each claim, answer "Yes" (for Touchstream) or "No" (for Comcast).

**'251 Patent:**

 **Claim 1:**  Yes_____  No_____

 **Claim 5:**  Yes_____  No_____

 **Claim 7:**  Yes_____  No_____

 **Claim 8:**  Yes_____  No_____

 **Claim 9:**  Yes_____  No_____

**'751 Patent:**

 **Claim 12:**  Yes_____  No_____

 **Claim 13:**  Yes_____  No_____

 **Claim 14:**  Yes_____  No_____

**'934 Patent:**

 **Claim 17:**  Yes_____  No_____

 **Claim 18:**  Yes_____  No_____

 **Claim 19:**  Yes_____  No_____

 **Claim 20:**  Yes_____  No_____

*If you answered "Yes" to any of the above questions, please proceed to Question 2.*

*If you answered "No" to **all** of the above questions, do not answer any further questions, and go directly to the final page of the verdict form.*

*Touchstream's Proposed Willful Infringement Question*

**[QUESTION 2: WILLFUL INFRINGEMENT[2]**

*Answer Question No. 2 ONLY as to any Touchstream Asserted Claim that you have found to be infringed by answering "YES" to Question 1.*

---

[2] Touchstream: As willfulness is an aspect of infringement rather than invalidity, Touchstream proposes that the Court instruct the jury on willfulness immediately after infringement (as opposed to providing willfulness instructions after damages as Comcast proposes). This would be consistent with this Court's practice for instructing jury in other cases and the Federal Circuit Bar Association Model Jury Instructions. *See, e.g.*, *Constellation Designs, LLC v. LG Electronics Inc.*, No. 2:21-cv-00448-JRG (E.D. Tex.) and *Netlist, Inc. v. Samsung Electronics Co.*, No. 2:21-cv-00463-JRG (E.D. Tex.); Fed. Cir. Bar Assoc. Model Jury Instrs. at Instr. B.3.

Moreover, there is no reason to include the time periods for willfulness in the verdict form, because the relevant time for willfulness will be explained to the jury in the Court's jury instructions (which are explicitly incorporated by reference in this verdict form).

Comcast: Although Comcast acknowledges the Federal Circuit's holding that "the factual components of the willfulness question should be resolved by the jury," *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016), it preserves the argument that willfulness should be decided by the Court and not the jury as argued in Comcast's Motion *in Limine* No. 3. *See* Dkt. 172 at 8-9.

Should any willfulness question be presented to the jury, Comcast proposes that it be given after invalidity and damages. There cannot be willful infringement of any invalid claim and willfulness should not be discussed prior to the threshold issue of validity. Additionally, any such question should come after damages because of the risk that jurors will otherwise think that they should consider facts related to willfulness when arriving at the appropriate amount of damages for any claim they find valid and infringed. Comcast's position is consistent with the American Intellectual Property Law Association's Model Patent Jury Instructions, which proposes instructions on willful infringement after invalidity and damages. *See* AIPLA's Model Patent Jury Instructions at V.11 (2024); *Equistar Chemicals, LP and MSI Tech. LLC v. Westlake Chemical Corp.*, No. 6:14-cv-00068-KNM (E.D. Tex.), ECF 204 at 4 (willfulness question at the end of the verdict form); *Force Mos Technology Co., Ltd. v. ASUSTeK Computer, Inc.*, No. 2:22-cv-00460-JRG (E.D. Tex.), ECF 288-9 at 11-12 (same).

Moreover, for the reasons stated in Comcast's Motion *in Limine* No. 3 (Dkt. No. 172 at 8-10), Comcast opposes the lack of time periods in Touchstream's willfulness question. Since willfulness is relevant only to enhancement of damages, the applicable time periods for the '251 Patent are (1) from the start of the damages period, February 17, 2017, until the day before the filing of this lawsuit, February 16, 2023, and (2) from the filing of this lawsuit on February 17, 2023, onward. The jury should additionally only determine post-suit willfulness for the '751 and '934 Patents pursuant to this Court's order dismissing claims of pre-suit willfulness for these two patents. Dkt. 156 at 8 (Case No. 2:23-cv-00060).

5

Has Touchstream proven by a preponderance of the evidence that Comcast's infringement was willful?

Answer "Yes" (for Touchstream) or "No" (for Comcast).

**Yes**_____     **No**_____

*Continue to Question 3.  If you found that a particular claim is infringed by checking "Yes" in Question 1, please proceed to Questions 3 and 4 for those claims you answered "Yes" for in Question 1.  If you found that a particular claim was <u>not</u> infringed by checking "No" in Question 1, please do not answer the corresponding question regarding that claim in Questions 3 or 4.]*

**QUESTION [3]/[2]: INVALIDITY**[3]

Has Comcast proven by clear and convincing evidence that any of the following claims are invalid?

*For each claim answer "Yes" (for Comcast) or "No" (for Touchstream).*

*If you answered "No" for a claim in Question 1, do not answer the corresponding question regarding that claim in Question [3]/[2].*

**'251 Patent:**

    **Claim 1:**    Yes_____    No_____

    **Claim 5:**    Yes_____    No_____

    **Claim 7:**    Yes_____    No_____

    **Claim 8:**    Yes_____    No_____

    **Claim 9:**    Yes_____    No_____

**'751 Patent:**

    **Claim 12:**    Yes_____    No_____

    **Claim 13:**    Yes_____    No_____

    **Claim 14:**    Yes_____    No_____

**'934 Patent:**

    **Claim 17:**    Yes_____    No_____

    **Claim 18:**    Yes_____    No_____

    **Claim 19:**    Yes_____    No_____

    **Claim 20:**    Yes_____    No_____

*Continue to Question [4]/[3].*

---

[3] Since the parties disagree on whether the jury should be asked about willful infringement as question #2 (Touchstream) or #5 (Comcast), the numbering of the next two questions is bracketed.

**QUESTION [4]/[3]: INELIGIBILITY[4]**

Has Comcast proven by clear and convincing evidence that the elements of the Asserted Claims, when taken individually and when taken as an ordered combination, involve only activities or technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of the priority date of the invention?

*For each claim for which you answered "Yes" to Question 1, answer "Yes" (for Comcast) or "No" (for Touchstream) in Question [4]/[3].*

*If you answered "No" for a claim in Question 1, do **not** answer the corresponding question regarding that claim in Question [4]/[3].*

'251 Patent:

    Claim 1:    Yes_____    No_____

    Claim 5:    Yes_____    No_____

    Claim 7:    Yes_____    No_____

    Claim 8:    Yes_____    No_____

    Claim 9:    Yes_____    No_____

'751 Patent:

    Claim 12:    Yes_____    No_____

    Claim 13:    Yes_____    No_____

    Claim 14:    Yes_____    No_____

'934 Patent:

    Claim 17:    Yes_____    No_____

    Claim 18:    Yes_____    No_____

    Claim 19:    Yes_____    No_____

---

[4] The parties agree that a question on patent ineligibility should only be given should the Court deny both parties' motions for summary judgment.

**Claim 20:** Yes_____ No_____

*Please proceed to Question [4] [5] only if there is at least one claim of the Asserted Patents for which you answered "Yes" in Question 1 AND for the same claim you answered "No" in Question [3] [2] and [4] [3].*

*Otherwise, do NOT answer Question[s] [4 or 5] [5], and go directly to the final page of the verdict form.*

### Touchstream's Proposed Damages Question

**[QUESTION 5: Damages[5]**

(a) Only if you have found a claim both infringed and valid, what amount would fairly and reasonably compensate Touchstream for Comcast's infringement?

$_____

(b) Is the amount you awarded in Question 5(a) above a lump-sum covering past and future infringement by Comcast, or is that amount a running royalty covering Comcast's infringement only through the date of today's verdict?

*Check one of the following*

**Paid up Lump sum: \_\_\_\_\_**

**Running royalty: \_\_\_\_\_]**

---

[5] Touchstream disagrees that there is any requirement to have the jury award damages on a patent-by-patent basis for three reasons. First, the expert opinions on damages do not opine that a reasonable royalty should be awarded on a patent-by-patent basis. Second, the damages period for each patent will be provided to the jury in the Court's jury instructions, and those damages periods do not need to be repeated here. Third, this Court has previously used a single damages line in cases involving multiple patents. *See, e.g.*, *Ollnova Techs. Ltd. v. ecobee Techs. ULC*, No. 2:22-CV-00072-JRG, Dkt. 225 at 2-3 (E.D. Tex.) (denying defendant's motion for new trial and declining to amend final judgment in a case in which the verdict form used single infringement and damages lines for four patents).

Comcast opposes Touchstream's proposed damages question because it does not split out requested damages by patent. The '751 Patent did not issue until June 29, 2021 and the '934 Patent did not issue until August 10, 2021. Touchstream's damages question improperly implies that Touchstream may receive damages for the entire damages period for all three patents. *See Force Mos Technology Co., Ltd. v. ASUSTeK Computer, Inc.*, No. 2:22-cv-00460-JRG (E.D. Tex.), ECF 288-9 at 9-10 (damages question split out by patent on plaintiff's proposed verdict form).

**Comcast's Proposed Damages Question**

**[QUESTION 4: DAMAGES[6]**

*Answer Question No. 4 ONLY as to any Asserted Claim that you have found BOTH to be infringed AND not invalid by answering "YES" to Question 1 and "NO" to Questions 2 and 3 for the same claim.*

The damages period for any infringement of the '251 Patent in this case begins on February 17, 2017. The damages period for any infringement of the '751 Patent in this case begins on June 29, 2021. The damages period for any infringement of the '934 Patent in this case begins on August 10, 2021.

(a) For the claims you have found both infringed and valid in the '251 Patent, what amount would fairly and reasonably compensate Touchstream for Comcast's infringement?

$_____

(b) For the claims you have found both infringed and valid in the '751 Patent, what amount would fairly and reasonably compensate Touchstream for Comcast's infringement?

$_____

(c) For the claims you have found both infringed and valid in the '934 Patent, what amount would fairly and reasonably compensate Touchstream for Comcast's infringement?

---

[6] Comcast proposes a damages question that properly identifies the damages period for each patent.

Touchstream refers to its argument for why this is unnecessary in footnote 5.

11

$\underline{\hspace{3in}}$

(d) Is the amount you awarded in Questions 4(a)-(c) above a lump-sum covering past and future infringement by Comcast, or is that amount a running royalty covering Comcast's infringement only through the date of today's verdict?

*Check one of the following*

**Paid up Lump sum:**\_\_\_\_\_

**Running royalty:**\_\_\_\_\_

*Continue to Question 5.*]

## *Comcast's Proposed Willful Infringement Question*

[**QUESTION 5: WILLFUL INFRINGEMENT**[7]

*Answer Question No. 5 ONLY as to any Touchstream Asserted Claim that you have found BOTH to be infringed AND not invalid by answering "YES" to Question 1 and "NO" to Questions 2 and 3 for the same claim.*

Has Touchstream proven by a preponderance of the evidence that Comcast's infringement of Claims 1, 5, 7, 8, or 9 of the '251 Patent was willful between February 17, 2017 and February 16, 2023?

Answer "Yes" (for Touchstream) or "No" (for Comcast).

**Yes**_____    **No**_____

Has Touchstream proven by a preponderance of the evidence that Comcast's infringement of Claims 1, 5, 7, 8, or 9 of the '251 Patent was willful after Touchstream filed suit on February 17, 2023?

Answer "Yes" (for Touchstream) or "No" (for Comcast).

---

[7] Comcast opposes any question on willfulness for the reasons stated in n.2. Should any willfulness question be given to the jury, Comcast's proposes that it be provided after invalidity and damages for the reasons stated in n.2 above.

Comcast additionally proposes that the question of willful infringement be split up by patent, since pre-suit willful infringement is only at issue for the '251 Patent and Touchstream is only alleging post-suit willful infringement for the '751 and '934 Patents.

Touchstream disagrees that there is any requirement to have the jury determine willfulness on a patent-by-patent basis. Both the jury instructions and this verdict form instruct the jury that they may only consider willfulness for patents they found infringed, and the jury instructions provide the relevant period for each patent for willfulness. This Court has previously used a single willfulness question in cases involving multiple patents. *See, e.g., Constellation Designs, LLC v. LG Electronics Inc.*, No. 2:21-cv-00448-JRG, Dkt. 277 at 6 (E.D. Tex.).

13

**Yes**_____   **No**_____

Has Touchstream proven by a preponderance of the evidence that Comcast's infringement of Claims 12, 13, or 14 of the '751 Patent was willful after Touchstream filed suit on February 17, 2023?

Answer "Yes" (for Touchstream) or "No" (for Comcast).

**Yes**_____   **No**_____

Has Touchstream proven by a preponderance of the evidence that Comcast's infringement of Claims 17, 18, 19, or 20 of the '934 Patent was willful after Touchstream filed suit on February 17, 2023?

Answer "Yes" (for Touchstream) or "No" (for Comcast).

**Yes**_____   **No**_____]

## FINAL PAGE OF JURY VERDICT FORM

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your **unanimous** determinations. The Jury Foreperson should then sign and date the Verdict Form in the spaces below. Once this is done, notify the Court Security Officer that you have reached a verdict. The Jury Foreperson should keep the Verdict Form and bring it when the jury is brought back into the courtroom.

Signed this ____ day of _____ 2024.

_____
Jury Foreperson