IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.**, <br><br>*Plaintiff*, <br><br> v. <br><br> **CHARTER COMMUNICATIONS, INC. et al.**, <br><br> *Defendants*. | |
| **TOUCHSTREAM TECHNOLOGIES, INC.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, et al.**, <br><br> *Defendants*. | **Lead Case No. 2:23-cv-00059-JRG** <br> Member Case No. 2:23-cv-00062-JRG |

**JOINT NOTICE REGARDING PRETRIAL AGREEMENTS**

In accordance with the Court's Fourth Amended Docket Control Order, Dkt. 205, Plaintiff Touchstream Technologies, Inc. ("Touchstream") and Defendants Charter Communications, Inc. et al. ("Charter") (collectively, the "parties") jointly submit this notification of agreements reached during their pre-trial meet and confer held on December 11, 2024.

The parties have agreed to amend their exhibit lists. The parties have exchanged updated exhibit lists and objections. The updated lists are attached as Exhibits A1 (Joint Exhibit List), A2 (Touchstream's Non-Joint Exhibit List), and A3 (Charter's Non-Joint Exhibit List). The parties have not waived any other objections to these documents. The parties have agreed to the exhibits on the Joint Exhibit List only insofar as they are not excluded by the Court's rulings on the parties'

1

motions *in limine*, motions to strike, and motions for summary judgment.

The parties have also exchanged updated deposition designations to reflect resolution of a technical error that omitted certain designations from the previous set, and to further reflect the parties' narrowing of Touchstream's designations and objections. The parties are continuing to narrow the disputes for deposition designations to be played on the first day of trial, and the parties will submit revised day 1 deposition designations and objections before the pretrial conference as forthcoming Exhibit B.

Additionally, regarding the parties' MILs, and for Charter's MIL No. 1 specifically, the parties are in agreement that Touchstream will not present any evidence or argument or elicit testimony regarding alleged "monitoring of prior litigations, including Charter's predecessor, TWC's pattern of monitoring patent infringement asserted against competitors involving the same or similar patents" unless Charter opens the door. A dispute remains regarding references to Touchstream's trial with Google, prosecution of Patent App. No. 14/279,530, and reference to the *Sprint v. Charter* case, including written discovery produced in that case.

Regarding Charter's MIL No. 3, the parties are also in agreement that Touchstream will not present any evidence, argument or elicit testimony that Touchstream disclosed confidential information to Charter. The parties agree that granting Charter's MIL No. 3 will not preclude any evidence or argument by Touchstream regarding the lack of disclosure of confidential information or the parties' communications regarding a non-disclosure agreement.

Regarding Touchstream's MIL No. 4, Charter agrees that it will not introduce evidence, testimony, or argument regarding ownership or financial interests in Touchstream except to show the alleged bias of a testifying witness (live or by deposition) through that witness's ownership or financial interests in Touchstream. Touchstream agrees that Charter need not make a showing

outside of the presence of the jury before introducing such evidence, argument, or testimony.

The remaining pending motions are:

1. Dkt. 86: Defendants' Motion for Summary Judgment of Invalidity under 35 U.S.C. § 101;

2. Dkt. 87: Charter's Motion for Summary Judgment of No Infringement;

3. Dkt. 88: Touchstream's Motion for Summary Judgment of Validity Under 35 U.S.C. § 101;

4. Dkt. 89: Touchstream's Motion to Strike the Opinions of W. Christopher Bakewell;

5. Dkt. 92:  Charter's Motion to Exclude and Strike Dr. Stephen B. Wicker's Improper Opinions;

6. Dkt. 94: Touchstream's Motion to Strike the Opinions of Michael I. Shamos, Ph.D.;

7. Dkt. 95: Charter's Motion to Exclude and Strike Dr. Russell W. Mangum III's Improper Opinions;

8. Dkt. 168: Charter's Motions *in Limine*; and

9. Dkt. 170: Touchstream's Motions *in Limine*.

DATED: December 16, 2024

Respectfully submitted,

| | |
|---|---|
| /s/ *Ryan D. Dykal* <br> Lead Counsel <br><br> Ryan D. Dykal (*pro hac vice*) <br> Jordan T. Bergsten (*pro hac vice*) <br> Mark Schafer (*pro hac vice*) <br> Philip A. Eckert (*pro hac vice*) <br> Anita Liu (TX State Bar No. 24134054) <br> **BOIES SCHILLER FLEXNER LLP** <br> 1401 New York Ave, NW <br> Washington, DC, DC 20005 <br> (t) 202-274-1109 <br> rdykal@bsfllp.com <br> jbergsten@bsfllp.com <br> mschafer@bsfllp.com <br> peckert@bsfllp.com <br> aliu@bsfllp.com <br><br> John Michael Lyons (*pro hac vice*) <br> Sabina Mariella (*pro hac vice*) <br> Sophie Roytblat (*pro hac vice*) <br> **BOIES SCHILLER FLEXNER LLP** <br> 55 Hudson Yards, 20th Floor <br> New York, NY 10001 <br> jlyons@bsfllp.com <br> smariella@bsfllp.com <br> sroytblat@bsfllp.com <br><br> Melissa Smith <br> (TX State Bar No. 24001351) <br> **GILLAM & SMITH LLP** <br> 303 S. Washington Ave. <br> Marshall, TX 75670 <br> (t) 903-934-8450 <br> melissa@gillamsmithlaw.com <br><br> *Counsel for Plaintiff Touchstream Technologies, Inc.* | /s/ *Daniel L. Reisner* <br> Lead Counsel <br><br> Daniel L. Reisner, *pro hac vice* <br> David Benyacar, *pro hac vice* <br> Elizabeth A. Long <br> Melissa Brown, *pro hac vice* <br> Robert Stout, *pro hac vice* <br> Arnold & Porter Kaye Scholer LLP <br> 250 West 55th Street <br> New York, NY 10019 <br> daniel.reisner@arnoldporter.com <br> david.benyacar@arnoldporter.com <br> elizabeth.long@arnoldporter.com <br> melissa.brown@arnoldporter.com <br> robert.stout@arnoldporter.com <br><br> Dina M. Hayes, *pro hac vice* <br> Arnold & Porter Kaye Scholer LLP <br> 70 West Madison Street, Suite 4200 <br> Chicago, IL 60602 <br> dina.hayes@arnoldporter.com <br><br> Deron Dacus (State Bar No. 00790553) <br> THE DACUS FIRM, P.C. <br> 821 ESE Loop 323, Suite 430 <br> Tyler, TX 75701 <br> Tel: (903) 705-1117 <br> Fax: (903) 581-2543 <br> ddacus@dacusfirm.com <br><br> Carson D. Anderson, *pro hac vice* <br> 3000 El Camino Real, Bldg. 5, Suite 500 <br> Palo Alto, CA 94306 <br> carson.anderson@arnoldporter.com <br><br> Marc A. Cohn, *pro hac vice* <br> 601 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> marc.cohn@arnoldporter.com |

*Counsels for Defendant Charter Communications, Inc., Charter Communications Operating, LLC, Spectrum Management Holding Company, LLC, Time Warner Cable Enterprises, LLC, Spectrum Gulf Coast, LLC, Charter Communications, LLC*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in the Third Amended Docket Control Order (Dkt. 205 at 2) on December 11, 2024.

/s/ *Ryan D. Dykal*
Ryan D. Dykal

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Ryan D. Dykal*
Ryan D. Dykal

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2024, the foregoing was filed under seal with the Clerk of Court using the CM/ECF system, and all counsel of record who are deemed to have consented to electronic service are being served with a notice of this document via the Court's CM/ECF system. Further, I hereby certify that a courtesy copy of the foregoing was emailed to counsel for Defendants on December 16, 2024.

/s/ *Ryan D. Dykal*
Ryan D. Dykal