IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., <br> *Plaintiff*, <br> v. <br> CHARTER COMMUNICATIONS, INC., et al., <br> *Defendants*. | § § § § § § § § § § | CASE NO. 2:23-cv-00059-JRG-RSP <br> (Lead Case) |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Touchstream's Motion to Strike the Opinions of W. Christopher Bakewell, Charter's Damages Expert. **Dkt. No. 89.** For the reasons discussed below, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

I. **LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under Daubert is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a Daubert hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. ANALYSIS

### A. References to Charter Patents

In the Motion, Touchstream argues that Mr. Bakewell offers evidence of Charter's patent which is confusing and unfairly prejudicial. Dkt. No. 89 at 3. Touchstream worries that the jury in this case will mistakenly believe that "owning patents is a defense to patent infringement." *Id.* at 4.

Charter responds that it "has no intention of referring to this patent for noninfringement, and any confusion can be avoided with a standard jury instruction that having one's own patents is not a defense to patent infringement." Dkt. No. 115 at 1. Charter asserts that it intends to use its patent to rebut Touchstream's expert's apportionment analysis (or lack thereof). *Id.* at 2. Specifically, Charter refers to the analysis under *Georgia-Pacific* factor 13, significant features or improvements added by the infringer, and shows that Mr. Bakewell discusses that Touchstream should have accounted for Charter's contribution to the incremental value of the accused feature. *Id.* at 2–3. Charter disputes that allowing Mr. Bakewell's testimony will confuse the jury because Mr. Bakewell is its damages expert and does not delve into the technical side of the patent, but rather the value. *Id.* at 3–4.

The Court finds that Mr. Bakewell's testimony about Charter's patent is admissible for the purposes that Charter offers it. First, the parties actively dispute apportionment, and the Court has allowed Touchstream's expert's opinions over the objections of Charter regarding apportionment. Dkt. No. 245 (citing Dkt. No. 239). Charter should be allowed to rebut Touchstream's analysis with their own expert. Second, Charter cabins its discussion of its patent to its damages expert, limiting the possibility of jury confusion. Third, any confusion can be diminished with a limiting instruction. Accordingly, this portion of the Motion is **DENIED.**

.

### B. Mr. Bakewell's References to Xumo

In the Motion, Touchstream also moves to strike Mr. Bakewell's opinions that refer to Charter's Xumo service. Dkt. No. 89 at 6. According to Touchstream, Mr. Bakewell offers opinions that the value of the royalty to Touchstream for infringement is reduced because Charter is planning to switch to the Xumo service which he claims does not practice the patent. *Id.* Touchstream argues, *inter alia*, that these opinions are unhelpful, and misleading to the jury because Mr. Bakewell does not rely on an opinion from a technical expert that Xumo does not practice the asserted patents. *Id.* at 7.

Charter responds that Touchstream is attempting to make a non-infringing alternatives argument, but that argument is misplaced here because Mr. Bakewell only relies on Xumo to show that Charter is transitioning away from the Send to TV feature. Dkt. No. 115 at 5–6. In reply, Touchstream explains that its position is that Mr. Bakewell seeks to "undermine the value of asserted patents by pointing to an alleged replacement product . . . without any technical analysis on whether that replacement infringes. Dkt. No. 139 at 3. In sur-reply, Charter argues that Mr. Bakewell "references Xumo to explain the straight-forward and indisputable fact that the accused Send to TV feature is unavailable on the Xumo streaming device . . . ." Dkt. No. 169 at 5.

The Court **STRIKES** Mr. Bakewell's references to Xumo. Charter's arguments about non-infringing alternatives are misplaced. The issue is not whether an expert provides an NIA opinion, but whether an expert has a basis for their opinion that a product does not infringe. Mr. Bakewell does not rely on a technical analysis from another expert that Xumo does not infringe, but simply asserts that it does not and cannot. Charter's attorneys repeat this assertion, but there is no evidence in the record to support it. This opinion thus lacks any indicia of reliability. This portion of the Motion is **GRANTED.**

.

4

### III.   CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion as to Charter's patent and **GRANTS** the Motion as to references to Xumo.

**SIGNED this 10th day of January, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE
