

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.**, <br><br>*Plaintiff*, <br><br> v. <br><br> **CHARTER COMMUNICATIONS, INC., et al.**, <br><br>*Defendants*. | Lead Case No. 2:23-cv-00059-JRG |
| **TOUCHSTREAM TECHNOLOGIES, INC.**, <br><br>*Plaintiff*, <br><br> v. <br><br> **COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, et al.**, <br><br>*Defendants*. | Member Case No. 2:23-cv-00062-JRG |

**CHARTER DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PAYNE'S RULINGS WITH RESPECT TO CHARTER DEFENDANTS' MOTIONS *IN LIMINE* NOS. 1 & 2**

At the December 19, 2024 pretrial conference, Magistrate Judge Payne granted Charter's Motion *in Limine* ("MIL," Dkt. 168) No. 1 and granted, in part, Charter's MIL No. 2, among others (the "Rulings"). *See* Dkt. 233 at 82:12-105:3. With respect to MIL No. 1, Judge Payne precluded Touchstream from offering at trial evidence or argument regarding Charter's revenue or profits related to the Spectrum branded video, mobile or internet subscription services, Spectrum set-top-box rentals or advertising revenue from Spectrum's services because, *inter alia*, (1) Touchstream's experts did not rely on Charter's revenue and profits, and (2) doing so would result in a "very broad royalty base" that "run[s] afoul of the [Federal] Circuit's teachings."[1] *Id.* at 92:19-24, 94:4-9. By granting MIL No. 2 (in part),[2] Judge Payne precluded Touchstream from offering any evidence or argument regarding its prior litigation in *Touchstream Techs., Inc. v. Google LLC*, No. 6:21-CV-0569-ADA (W.D. Tex.), including because the *Google* verdict has not developed into a final judgment. Dkt. 233 at 101:25-102:2, 104:15-22. Judge Payne's Rulings were correct, and this Court should reach the same conclusions. Moreover, because Touchstream fails to identify ***any*** portion of the Rulings or reasonings that are clearly erroneous or contrary to law, the Court should overrule Touchstream's objections ("Obj.," Dkt. 247) and affirm the Rulings.

I.  **LEGAL STANDARD**

The Rulings are governed by Federal Rule of Civil Procedure 72(a) because they resolved non-dispositive matters, *i.e.*, motions *in limine*. When a party objects to a magistrate judge's

---

[1] In so ruling, Judge Payne provided that if Touchstream "believes that [it has] a relevant use of" that information, it "should approach and seek leave before using" Charter's revenue information "through a witness or argument." Dkt. 233 at 94:4-9.

[2] Charter's MIL No. 2 also sought to preclude Touchstream from referencing Charter's prior litigations and any patent prosecution activities unrelated to any patent in suit. *See* Dkt. 168 at 4-6. Touchstream's objection with respect to MIL No. 2 is limited only to the *Google* portion of the Ruling and no other portion.

decision as to a non-dispositive matter, only those portions of the decision that are "clearly erroneous or contrary to law" may be "modified or set aside." Fed. R. Civ. P. 72(a).

## II. ARGUMENT

### A. Touchstream Fails to Establish That Judge Payne's Ruling on Charter's MIL No. 1 Was Clearly Erroneous or Contrary to Law

Touchstream does not identify any clear error of law in Judge Payne's ruling or reasoning by granting Charter's MIL No. 1 and precluding Touchstream from introducing evidence or argument regarding Charter's revenue or profits. Instead, Touchstream merely rehashes the same arguments it raised in its prior briefing and again before Judge Payne at the pretrial conference. *Compare* Dkt. 247 at 1-3, *with* Dkt. 203 at 1-4, *and* Dkt. 233 at 86:18-92:18. Where, as here, Touchstream "reassert[s] . . . previous arguments," those arguments "are insufficient to state an objection," "improper," and "need not be considered." *AlexSam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, 19-CV-331-RWS-RSP, 2024 WL 4274877, at *2 (E.D. Tex. Sept. 24, 2024) (quoting *Havens v. Mills*, 22-CV-299, 2024 WL 21599, at *3 (S.D. Tex. Jan. 2, 2024)). Thus, the Court should overrule Touchstream's objections and affirm the Ruling with respect to Charter's MIL No. 1.

Nonetheless, Touchstream is wrong when it says that "Charter's revenue streams . . . are relevant to [its] damages case-in-chief" (Obj. 2, 3) because its damages expert, Dr. Mangum, did not offer a single opinion related to Charter's revenue or profitability, and explicitly disclaimed Charter's revenue and/or profits as relevant to his calculation of damages. Dkt. 168-2 ¶¶ 156-57. Touchstream conceded this fact to Judge Payne, acknowledging that Dr. Mangum ***did not*** "tie" his opinion "to the revenue stream." Dkt. 233 at 91:21-92:4. Thus, Judge Payne correctly granted Charter's MIL No. 1 because Touchstream's "expert has not relied on" Charter's profitability or revenue streams. Dkt. 233 at 92:19-24. Further, Touchstream acknowledged that Charter's revenue is not relevant because it agreed to present exhibits "without . . . revenue numbers." Dkt. 252 at 8:20-10:13.

Moreover, Charter did not "open[] the door for Touchstream to cross-examine" its damages expert, Mr. Bakewell, on "set[ting] aside the ▄▄▄ agreement's 10% running royalty rate" and an "appropriate royalty base" if "the jury determines that 10% running royalty rate should apply."[3] Obj. 1-2. As explained at the pretrial conference, there is no "alternative royalty theory" offered in this case and Mr. Bakewell did not "set aside" a royalty theory because the ▄▄▄ agreement was ***not*** based on a royalty, but was a lump-sum license agreement. Dkt. 233 at 93:8-94:3. And even when considering that the lump-sum was "in lieu of a 10-percent royalty," Judge Payne correctly agreed with Charter that Touchstream's position would result in a "very broad royalty base" because the accused feature here is "within an app"—unlike the scenario in ▄▄▄—and it would "run afoul of the [Federal] Circuit's teaching" to put "billions of dollars in revenues paid by monthly cable and internet subscribers" in front of the jury where those revenues are unrelated to the accused feature. Dkt. 233 at 92:19-94:9.

### B. Touchstream Fails to Establish Judge Payne's Ruling on Charter's MIL No. 2 Was Clearly Erroneous or Contrary to Law

Touchstream concedes that its objections to Judge Payne's ruling on Charter's MIL No. 2—which precludes Touchstream from referencing the *Google* matter—is ***not*** based on a clear error of law, but is to "preserve later argument." Obj. 2-3. Moreover, Judge Payne considered and rejected the very same arguments that Touchstream again asserts in its objections. *Compare* Dkt. 247 at 3-5, *with* Dkt. 203 at 4-8, *and* Dkt. 233 at 101:6-104:9. Therefore, Touchstream's objections should be overruled and the Court should affirm the Rulings with respect to Charter's MIL No. 2, including by enforcing the Court's standing MIL No. 13—which Touchstream

---

[3] Charter disclosed that it will not assert an invalidity defense pursuant to 35 U.S.C. § 103 at trial. Thus, the argument that Touchstream should be permitted to cross-examine Charter's invalidity expert regarding Charter's revenue in connection with the purported commercial success of the accused feature is irrelevant and moot. *Cf.* Obj. 2-3.

altogether ignores—that precludes the parties "from introducing evidence, testimony, or argument regarding either party's other litigations."

Nonetheless, Touchstream argues that the *Google* trial is relevant to post-suit willfulness because Charter purportedly had "knowledge that Google failed to invalidate Touchstream's patents and that similar products were found to infringe."[4] Obj. 4. But the *Google* matter is not relevant to this trial because the *Google* trial and verdict involve different defendants, different asserted patents (except one) and different accused products than those at issue here. Touchstream knows this as evidenced by its withdrawal of exhibits related to other parties, such as Google, and non-accused services. Dkt. 252 at 12:24-13:22.

To the extent there is any probative or relevant value from evidence, testimony or argument regarding the *Google* litigation—and there is none—it would be substantially outweighed by unfair prejudice. Fed. R. Evid. 403. Touchstream suggests that any prejudice can be cured by a limiting instruction. Obj. 5. But as it failed to do in its prior brief, Touchstream again does not explain how a limiting instruction will cure the high risk of prejudice should the jury hear that Touchstream won a jury verdict and hundreds of millions of dollars in damages against a major corporation. Despite the many differences between the *Google* matter and this litigation, a jury may think that Touchstream's successes there should command a similar result here. This very real possibility poses a risk that cannot be cured by a limiting instruction. *See VirnetX Inc. v. Apple Inc.*, 12-CV-855, 2016 WL 4063802, at *5 (E.D. Tex. July 29, 2016).

Furthermore, Touchstream does not address its failure to produce the evidentiary record from the *Google* matter in discovery, and Charter cannot effectively test the reliability of this

---

[4] For the same reason discussed above, Touchstream's arguments regarding the relevance of the *Google* trial to rebut invalidity theories with commercial success arguments are moot (Obj. 4-5) because Charter will not pursue the defense of invalidity pursuant to § 103 at trial.

evidence on cross-examination. Nor has Touchstream withdrawn its false allegation that Charter

████████████████████████████████████████████████████████████████

during the *Google* trial, without any supporting evidence. *See* Dkt. 168-4. Such arguments would not only distract the jury from issues central to this case but would force the parties to waste time and resources on a trial within a trial, *i.e.*, distinguishing the *Google* matter from this litigation.

Moreover, as Touchstream acknowledges, courts have "flexib[ility]" when deciding whether to admit evidence of "prior verdicts or other proceedings," and it is thus of no moment that the Federal Circuit has not had an opportunity to consider whether a court may exclude prior litigations where the verdict is not final. Obj. 4 (quoting *Sprint Commn'cs Co., L.P. v. Time Warner Cable, Inc.*, 760 F. App'x 977, 980 (Fed. Cir. 2019)); *see* Obj. 5. In any event, although Touchstream contends that the "*Google* verdict has already been tested in post-trial briefing," the fact remains that the *Google* verdict is a non-final judgment, which Touchstream conceded at the pretrial conference. Dkt. 233 at 101:6-102:2. And because the *Google* verdict is a non-final judgment (subject to post-trial appeals), the *Google* matter is similarly situated to prior litigations that this Court excluded as "[un]reliable data point[s]" in other cases. *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 15-CV-349-JRG, 2017 WL 3476978, at *2 (E.D. Tex. May 8, 2017); *Netlist, Inc. v. Micron Tech., Inc.*, 22-CV-203-JRG-RSP, 2024 WL 326563, at *2 (E.D. Tex. Jan. 27, 2024).

## III. CONCLUSION

For these reasons, Charter respectfully requests that the Court overrule Touchstream's objections, and affirm the Rulings granting Charter's MIL Nos. 1 and 2 as articulated on the record at the pretrial conference.

| | |
|---|---|
| Dated: January 9, 2025 | Respectfully submitted,<br><br>/s/ Daniel L. Reisner<br>Daniel L. Reisner, *pro hac vice*<br>David Benyacar, *pro hac vice*<br>Melissa Brown, *pro hac vice*<br>Robert Stout, *pro hac vice*<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>daniel.reisner@arnoldporter.com<br>david.benyacar@arnoldporter.com<br>melissa.brown@arnoldporter.com<br>robert.stout@arnoldporter.com<br><br>Dina M. Hayes, *pro hac vice*<br>Arnold & Porter Kaye Scholer LLP<br>70 West Madison Street, Suite 4200<br>Chicago, IL 60602<br>dina.hayes@arnoldporter.com<br><br>Deron Dacus (State Bar No. 00790553)<br>THE DACUS FIRM, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Tel: (903) 705-1117<br>Fax: (903) 581-2543<br>ddacus@dacusfirm.com<br><br>Carson D. Anderson, *pro hac vice*<br>3000 El Camino Real, Bldg. 5, Suite 500<br>Palo Alto, CA 94306<br>carson.anderson@arnoldporter.com<br><br>Marc A. Cohn, *pro hac vice*<br>Stanton Jones, *pro hac vice*<br>Natalie Steiert, *pro hac vice*<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001<br>marc.cohn@arnoldporter.com<br>stanton.jones@arnoldporter.com<br>natalie.steiert@arnoldporter.com<br><br>**Counsel for Defendant Charter Communications, Inc., Charter Communications Operating, LLC, Spectrum Management Holding Company, LLC, Time Warner Cable Enterprises, LLC, Spectrum** |

***Gulf Coast, LLC, Charter Communications, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served January 9, 2025, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Daniel Reisner*
Daniel Reisner