# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., et al., <br><br> *Defendants*. | § § § § § § § § § § §  CASE NO. 2:23-cv-00059-JRG-RSP <br> (Lead Case) |

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on December 19, 2025, regarding, *inter alia*, motions *in limine* filed by Plaintiff Touchstream (Dkt. No. 170) and Defendant Charter Communications, Inc., Charter Communications Operating, LLC, Spectrum Management Holding Company, LLC, Time Warner Cable Enterprises, LLC, Spectrum Gulf Coast, LLC, and Charter Communications LLC (Dkt. No. 168).[1] This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

---

[1] The Court also heard arguments and made rulings on the motions *in limine* in the consolidated Comcast case. The Court will issue a separate order memorializing those rulings.

**A. Touchstream's Motions *in Limine* (Dkt. No. 170)**

1. <u>Plaintiff's MIL No. 1</u>: Motion to Exclude Evidence and Argument Using Marketing Materials to Define Claim Scope.

This motion *in limine* is **GRANTED** to the extent of any express testimony or argument that compares the accused products directly to the marketing materials instead of comparing such products to the claims.  However, this does not prevent reference to the marketing materials if relevant to willfulness or damages.

2. <u>Plaintiff's MIL No. 2</u>: Motion to Exclude Evidence and Argument that Touchstream was Ineffective at Business, or the Like

This motion *in limine* is **DENIED**. The Court notes that the parties should carefully heed the Court's Standing MIL No. 11.

3. <u>Plaintiff's MIL No. 3</u>: Motion to Exclude Prior Art References Only Disclosed in an Expert Report as "State of the Art"

This motion *in limine* is **DENIED** as overbroad. Defendants are bound by their representations that they will not use unelected prior art to show the jury that the prior art meets the limitations of a claim.

4. <u>Plaintiff's MIL No. 4</u>: Motion to Exclude Evidence and Argument Regarding Ownership or Financial Interests in Touchstream

This motion *in limine* was **WITHDRAWN** by Plaintiff. The Parties stipulated that "Charter agrees that it will not introduce evidence, testimony, or argument regarding ownership or financial interests in Touchstream except to show the alleged bias of a testifying witness (live or by deposition) through that witness's ownership or financial interests in Touchstream. Touchstream agrees that Charter need not make a showing

outside of the presence of the jury before introducing such evidence, argument, or testimony." Dkt. No. 221 at 2–3.

5. <u>Plaintiff's MIL No. 5</u>: Motion to Exclude Arguments or Evidence of Touchstream's Alleged Delay in Filing Suit

This motion *in limine* is **GRANTED** as to testimony or argument that delay in filing suit is a defense to patent infringement, but this ruling does not prevent the Defendants from offering evidence of any relevant dates.

B. **Charter's Motions *in Limine* (Dkt. No. 168)**

1. <u>Defendants' MIL No. 1</u>: Preclude Evidence or Argument Regarding Charter's Revenue and Profit

This motion *in limine* is **GRANTED** as to total revenue figures. Specifically, Charter's reported revenue or profitability from the Spectrum branded video, mobile or internet subscription services, Spectrum set-top-box rentals, or advertising revenue from Spectrum's services.

2. <u>Defendants' MIL No. 2</u>: Preclude Evidence or Argument Regarding Any Other Litigation of Either Party

This motion *in limine* is **GRANTED-IN-PART**. The Parties may not reference the *Google* matter nor the *Sprint* matter. The Parties may, however, use impeachment material from those cases so long as they do not reference the fact that it came from another litigation. The Court **DENIED** the Motion as to references to the prosecution of the other patents.

3. <u>Defendants' MIL No. 3</u>: Preclude Evidence or Argument Regarding the Disclosure of Confidential Information to Charter

This motion *in limine* is **GRANTED** by agreement of the Parties.

**SIGNED this 20th day of January, 2025.**

                                                                ROY S. PAYNE
                                                                UNITED STATES MAGISTRATE JUDGE