# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CHARTER COMMUNICATIONS, INC., § <br> et al., § <br> § <br> Defendants. § § § | CASE NO. 2:23-cv-00059-JRG-RSP <br> (Lead Case) |

## MEMORANDUM ORDER

Before the Court is the Comcast Defendants' Motion to Exclude and Strike the Opinions of Dr. Kevin Almeroth. **Dkt. No. 84.** For the reasons discussed below, the Motion is **GRANTED** only in **PART**.

### I. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under Daubert is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a Daubert hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

2

## II. ANALYSIS

### A. Dr. Almeroth's References to the *Google* Litigation and Incorporation by Reference of Opinions Offered

In the Motion, Comcast moves to strike Dr. Almeroth's references to "the *Google* litigation," a separate litigation with different parties, different accused products and a different set of asserted patents. Dkt. No. 84 at 3. Comcast objects to Dr. Almeroth's references for a variety of reasons which substantially overlap with Charter's similar Motion regarding Dr. Wicker. *See* Dkt. No. 277 at (granting Charter's motion to strike Dr. Wicker's references to the *Google* litigation).[1]

Touchstream responds along the same lines that it did in its opposition to Charter's Motion to Strike Dr. Wicker. Dkt. No. 117; *see id.*

While the Court based its reasoning in the Wicker Order, at least in part, on Charter's granted MIL No. 2 (precluding evidence or argument regarding the *Google* matter)[2] the Court notes that that MIL was based directly on the Court's standing MIL No. 13 which precludes parties from introducing evidence, testimony, or argument regarding either party's other litigations. Thus, the same reasoning applies here. Touchstream has failed to identify any potentially legitimate use of the *Google* litigation. Accordingly, the portions of Dr. Almeroth's report that references the *Google* matter are hereby **STRICKEN.**

### B. Dr. Almeroth's References to Dr. Wicker

In the Motion, Comcast also moves to strike Dr. Almeroth's references to Dr. Wicker, an expert who will not be testifying in the trial against Comcast but intends to testify on behalf of Touchstream in the *Charter* matter. Dkt. No. 84 at 4–5. Touchstream represents that "Dr. Almeroth

---

[1] Touchstream has not objected to this Order.
[2] *See* Dkt. No. 275 at 3.

3

does not intend to reference or rely on Dr. Wicker at trial or to use his own testimony as a conduit to introduce Dr. Wicker's opinions to the jury." Dkt. No. 117 at 7. Touchstream, however, desires to retain the right to use this testimony to rebut a cross-examination from Comcast about this topic. *Id.* In reply, Comcast represents that it "does not intend to discuss Dr. Wicker's *Charter* opinions." Dkt. No. 152 at 7. The Court intends to hold the Parties to their representations. Accordingly, the Court finds that striking this portion of the Motion is unnecessary, and this portion of the Motion is **DENIED** as moot, and Plaintiff is **ORDERED** to seek leave before referring to Dr. Wicker if Plaintiff contends that the cross-examination opened that door**.**

### C. Dr. Almeroth's Opinions Regarding Secondary Considerations

Next, Comcast seeks exclusion of Dr. Almeroth's opinions regarding secondary considerations as untimely. Dkt. No. 84 at 6. Comcast argues that because Dr. Almeroth only offered opinions regarding secondary considerations in his rebuttal report they are untimely because the patentee bears the burden as to secondary considerations. *Id.* at 6–7. Comcast concedes that Touchstream disclosed contentions regarding secondary considerations of non-obviousness but argues that the report goes beyond those. *Id.*

Touchstream responds that its disclosures were more than sufficient to put Comcast on notice. Dkt. No. 117 at 8. Touchstream also argues that Comcast's expert addressed these arguments in his opening report evidencing that Comcast was on notice. *Id.* Ultimately, Touchstream argues that it is entirely proper to address secondary considerations in a rebuttal report on validity. *Id.*

The Court agrees with Touchstream. The burden of proving invalidity lies squarely with Defendants and thus it is proper for Plaintiff's expert to address secondary considerations of non-obviousness in a rebuttal report. Comcast does not and cannot dispute that Touchstream provided it with notice that it intended to bring these arguments, and thus Comcast had ample opportunity

4

to address secondary considerations in its opening invalidity report. The Court thus **DENIES** this portion of the Motion. The Court notes that many of Touchstream's arguments about the secondary considerations are tied up with the *Google* matter that the Court addressed in Section A, *supra*. Nothing in this section should be construed to allow Touchstream to introduce argument about that matter in contradiction to the Court's order in Section A, *supra*.

### D. Priority Date

Finally, Comcast moves to strike the statement from Dr. Almeroth's rebuttal report that states that the inventions were "conceived and invented at least as early as October 2010." Dkt. No. 84 at 9. Comcast worries that Dr. Almeroth may testify that the priority date is before October 8, 2010, in contravention of Touchstream operative infringement contentions. *Id.* Touchstream definitively responds that "Dr. Almeroth does not intend to provide an opinion seeking to establish a date of conception earlier than October 8, 2010." There is no dispute for the Court to resolve. This portion of the Motion is **DENIED AS MOOT.**

### III. CONCLUSION

For the reasons discussed above, the Motion is granted as to Dr. Almeroth's references to the *Google* matter and otherwise denied.

**SIGNED this 17th day of February, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE