IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., <br><br>*Plaintiff*, <br><br>v. <br><br>CHARTER COMMUNICATIONS, INC., et al., <br><br>*Defendants*. | § § § § § § § § § § § <br><br> CASE NO. 2:23-cv-00059-JRG-RSP <br> (Lead Case) |

## MEMORANDUM ORDER

Before the Court is Plaintiff Touchstream Technologies, Inc.'s Motion to Strike the Opinions of Dr. Stephen Becker. **Dkt. No. 90.** For the reasons discussed below, the Motion is **GRANTED.**

I. **LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under Daubert is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a Daubert hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. ANALYSIS

In the Motion, Touchstream moves to strike Dr. Becker's apportionment opinions that rely on comparisons of a Comcast patent to a Comcast mobile app. Dkt.No. 90 at 2. Touchstream asserts that those opinions lack relevance and risk confusing the jury. *Id.* According to Touchstream, Dr. Becker uses Comcast's patent to argue that Touchstream's expert, Dr, Mangum, should have apportioned out the value of Comcast's patent when he calculated infringement damages. *Id.* at 3. Touchstream argues that allowing Dr. Becker to testify about Comcast's patent has the potential to confuse the jury into thinking that Comcast has a right to practice the technology. *Id.* at 5. Touchstream then argues that Dr. Becker's reliance on the patent is unhelpful because he does not analyze the connection of the patent to the technology at issue in this case. *Id.* Touchstream thus concludes that this testimony fails Rule 403 balancing. *Id.*

Comcast responds that Dr. Becker's opinions regarding Comcast's patent are appropriate for its damages analysis. Dkt. No. 116 at 1. Comcast explains that the patent is prior art to Touchstream's asserted patents and Comcast's remote app continues to practice it. *Id.* Comcast argues that the patent is relevant for apportionment and will be in the case regardless because Comcast will be relying on it as invalidating prior art. *Id.* at 4–5. Comcast explains that Dr. Becker intends to rebut Dr Mangum's royalty rate analysis by showing that Dr. Mangum did not account for conventional features of the Tv Remote App, including those covered by Comcast's patent. *Id.* at 6.

The Court finds that Dr. Becker's opinions that rely on the Comcast patent for purposes of apportionment should be stricken because their minimal probative value is substantially outweighed by their likelihood of confusing the jury into thinking that Comcast had a right to practice the accused features based on its own patent. Comcast may certainly argue that features

3

not covered by the asserted patents may not be included in the damages analysis, but whether those features are covered by a different patent is of no consequence. Comcast may argue that Dr. Mangum failed to apportion out conventional features, and may even rely on its app; however, Dr. Becker may not testify as to Comcast's patent for purposes of damages.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion.

**SIGNED this 17th day of February, 2025.**

ROY S. PAYNE  
UNITED STATES MAGISTRATE JUDGE