## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:23-cv-00059-JRG-RSP |
| | § | |
| CHARTER COMMUNICATIONS, INC., et al., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Charter Communications, Inc.; Charter Communications Operating, LLC; Spectrum Management Holding Company, LLC; Time Warner Cable Enterprises, LLC; Spectrum Gulf Coast, LLC; and Charter Communications LLC's (collectively, "Charter") Motion Regarding its Bill of Costs (the "Bill of Costs"). (Dkt. No. 402.) Having considered the Bill of Costs, the Court finds it should be **GRANTED-IN-PART and DENIED-IN-PART**.

## I.      BACKGROUND

The Court held a jury trial in the above-captioned case on March 3, 2025. (Dkt. No. 366.) On March 7, 2025, the Jury reached and returned its unanimous verdict finding in favor of Charter and against Plaintiff Touchstream Technologies, Inc. ("Touchstream"). (Dkt. No. 379.) Subsequently, the Court entered Final Judgment awarding Charter its costs as the prevailing party and directing Charter to file its proposed Bill of Costs. (Dkt. No. 391.) That proposed Bill of Costs is now before the Court.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). Additionally, Section 1920 enumerates specific expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d) to include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. While a court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Upon determining the "prevailing party" within the meaning of Rule 54(d)(1), courts must then determine what costs, if any, should be awarded to the prevailing party. *Marx v. General Revenue Corp.*, 568 U.S. 371, 375 (2013). The Fifth Circuit has noted that a district court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006). Indeed, there is a "strong presumption" that the prevailing party will be awarded costs, and a denial is "in the nature of a penalty." *Id.* (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

### III.    DISCUSSION

Touchstream does not dispute that Charter is the prevailing party but argues that certain of the costs Charter seeks are not recoverable as taxable costs. (Dkt. No. 404.)

#### A.    Uncontested Recoverable Costs

Touchstream does not contest that $62,896.08 is taxable as costs against Touchstream, as follows:

- $40,192.40 in costs for deposition transcripts, exhibits, and videos;

- $9,756.97 in costs for reporters' transcripts;

- $7,143.16 in fees for court appointed experts; and

- $5,803.55 in fees for witnesses.

(Dkt. No. 402 at 2; *see generally* Dkt. No. 404.) Accordingly, the Court awards Charter the aforementioned uncontested costs.

#### B.    Disputed Trial Graphics Costs

Touchstream asserts that Charter improperly seeks to recover $123,837.50 in costs associated with trial graphics. (Dkt. No. 404 at 3-7.) Touchstream argues that trial graphics costs "do not fall within any enumerated category of Section 1920 and are thus not recoverable." (*Id.* at 3-4.) Touchstream asserts that graphics costs do not meet the exemplification definition under 28 U.S.C. § 1920(4). (*Id.* (citing *Innovation Scis., LLC v. Amazon.com, Inc.*, 2022 WL 2824675, at *4 (Fed. Cir. July 20, 2022)).)

Charter responds that it is entitled to recover its trial graphics costs "given the complexity of patent cases and this Court's admirable mandate for efficiency." (Dkt. No. 402 at 3.) Charter argues that its "trial graphics costs are not excessive and are properly taxable in the Fifth Circuit and this Court." (*Id.* at 4.) Charter asserts that the "unreported Federal Circuit decision from 2022"

does not control and that the Federal Circuit "did not actually apply Fifth Circuit law on this issue." (*Id.*; Dkt. No. 408 at 1.)

The Court finds that Charter is not entitled to recover the $123,837.50 in trial graphics costs. Section 1920 enumerates specific expenses that a federal court may tax as costs, and the Court may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441-42. The Court does not find that costs associated with trial graphics meet the definition of exemplification in Section 1920(4). 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"); *Innovation Scis.*, 2022 WL 2824675, at *4 ("the definition of exemplification, i.e., '[a]n official transcript of a public record, authenticated as a true copy for use as evidence.'").

Charter's argument that the Federal Circuit's opinion in *Innovation Scis.* is not controlling is unpersuasive. Charter, rather boldly, asserts that "[w]hile *Innovation Sciences* correctly states that Fifth Circuit law controls, it did not actually apply Fifth Circuit law on this issue." (Dkt. No. 408 at 1.) The Court disagrees. In *Innovation Scis.*, the Federal Circuit addressed an appeal on a bill of costs from a case in this District. In the opinion, the Federal Circuit expressly recognized that "We review an award of costs under the law of the regional circuit. **The Fifth Circuit** reviews an award of costs for abuse of discretion." *Innovation Scis.*, 2022 WL 2824675, at *4 (emphasis added). Contrary to Charter's assertion, the Court does not find that the Federal Circuit applied the wrong law. Further, Charter's argument that "this Court and others in the Circuit have regularly taxed costs related to trial graphics support" is also unpersuasive as each of Charter's cited cases preceded the Federal Circuit's opinion in *Innovation Scis.*

Accordingly, the Court finds that Charter is not entitled to recover $123,837.50 in costs related to trial graphics.

### C.    Disputed Trial Printing and Copying Costs

Touchstream asserts that Charter improperly seeks to recover $51,084.08 in trial printing and copying costs. (Dkt. No. 404 at 7-11.) Touchstream argues that "Charter's vague descriptions of its costs, … make it impossible to determine whether many of its line items are necessary or reasonable." (*Id.* at 8-9.) Touchstream asserts that "Charter admits that it made at least four copies of all materials, despite the Court requiring only two copies of trial exhibits." (*Id.* at 9 (citing Dkt. No. 402-1, Reisner Decl. at 3).) Touchstream argues that Charter also seeks costs for office supplies—such as binders, redwelds, slip sheets, binding, and tab dividers—which are not recoverable. (*Id.* at 9-10.) Touchstream further argues that Charter seeks costs associated with color printing, "which courts in the Fifth Circuit regularly find are not necessary for trial and thus unrecoverable." (*Id.* at 10.)

Charter responds that its descriptions "specify what was being printed with reasonable clarity." (Dkt. No. 408 at 4-5.) Charter argues that it only seeks "costs for materials that were actually used in the courtroom by the Court and counsel, and not materials that were prepared but never used …, but if the Court is so inclined, reducing the amount taxed would be the proper remedy, not declining the costs altogether." (*Id.* at 5.) Charter contends that the Court should permit it to collect costs for four copies of its printing because it is "[t]he practice of this Court is for witness binders to be given to the Court, the court-reporter, the witness, and opposing counsel." (*Id.*) Charter argues that the Court should permit it to recover its color printing costs because the trial exhibits were predominantly in color. (*Id.*) Charter also argues that "this Court has taxed costs for 'office supplies (e.g. binders, labeled manila folders, etc.)' related to trial printing, and indeed printed documents are of little use to the Court and counsel if not organized in tabbed binders and the like." (*Id.*)

The Court finds that Charter is entitled to a portion of the $51,084.08 in trial printing and

copying costs. First, regarding the costs Charter seeks for office supplies, the Court finds that these are not taxable costs. Costs associated with office supplies—such as binders, redwelds, slip sheets, binding, and tab dividers—are merely incidental costs. This Court has found that these costs are not recoverable under Section 1920. *E.g.*, *Veritas Vincit, LLC v. Brown*, No. 4:24-cv-00079-JRG, 2024 WL 4729751, at *3 (E.D. Tex. Nov. 8, 2024); *see also Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-00044-RWS-RSP, 2020 WL 11884713, at *4 (E.D. Tex. Mar. 10, 2020).

Next, regarding the costs Charter seeks associated with the actual printed and copied documents, the Court finds that Charter is entitled to recover a portion of these costs. The parties do not dispute that Charter's costs for printing and copying are taxable; rather, the parties dispute the amount that the Court should tax Touchstream. While the Court does not expect Charter to "identify every xerox copy made for use in the course of legal proceedings," *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991), Charter must provide information from which the Court can determine whether the requested costs are necessary and, thus, recoverable. Further, Charter is entitled to recover its "fees for exemplification and the costs for making copies" that were "necessarily obtained for use in the litigation," however, "[c]harges for multiple copies of documents … are not recoverable." (*See* this Court's Standing Order Regarding Bills of Costs at 4.) The Court finds that Charter's descriptions do not state with particularity what documents were prepared, for what reason, or that any printing costs it seeks to recover are limited to single copies. (*E.g.*, Dkt. No. 402-8 at 1 ("Depo and DTX binders on 1/2/25"), 2 ("Exhibits, reports, histories, discovery on 1/4/25").) Based on a review of Charter's invoices, it appears that much of Charter's printings were simply for counsel's convenience, including having multiple copies of documents and having items printed in both black and white and in color. While the Court could fully deny Charter's request for printing and copying costs based on its failure to meet its burden, the Court

exercises its discretion to reduce Charter's costs to what the Court finds necessary and recoverable under Section 1920, considering Charter's marginally informative invoices and declaration.

Accordingly, the Court finds that Charter is entitled to recover $20,433.63 in costs related to trial printing and copying.

## IV.    CONCLUSION

The Court finds that Charter's Bill of Costs (Dkt. No. 402) should be and hereby is **GRANTED-IN-PART and DENIED-IN-PART** as specifically set forth herein. It is **ORDERED** that Charter's Bill of Costs as to the uncontested costs noted herein, in the amount of $62,896.08 are **APPROVED**. It is **ORDERED** that Charter's Bill of Costs as to trial graphics costs in the amount of $123,837.50 are **DISALLOWED**. It is further **ORDERED** that Charter's Bill of Costs as to trial printing and copying costs in the amount of $20,433.63 are **APPROVED**, but all remaining costs related to trial printing and copying in the amount of $30,650.45 are **DISALLOWED**.

## So Ordered this

**Jun 2, 2025**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE